1 | Russell A. Robinson (163937)
Law Office of Russell A. Robinson, APC
2 | 345 Grove Street, First Floor
San Francisco CA 94102
3 | Telephone:   (415) 255-0462
Facsimile:    (415) 431-4526

Attorneys for Plaintiffs
SHERRILL FOSTER, HOWARD FOSTER,
SHEILA BURTON, and MINNIE BURTON

**ORIGINAL FILED**
OCT 24 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMC

C 07 5445

SHERRILL FOSTER, HOWARD FOSTER, ) No.
SHEILA BURTON, and MINNIE BURTON, )
                                  )
            Plaintiffs,            ) COMPLAINT FOR DAMAGES AND FOR
                                  ) INJUNCTIVE RELIEF
      v.                           )
                                  ) [Jury Trial Demanded]
SHANNON EDMONDS, LORI TYLER, and  )
DOES 1-100,                       )
                                  )
            Defendants.            )
_____)

Plaintiffs SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON, by and through counsel, hereby complain against Defendants as follows:

**JURISDICTION**

1.    This is a wrongful death, survival, and civil rights action arising, *inter alia*, from Defendants' wrongful use of deadly force on December 7, 2005, against CHRISTIAN DANTE FOSTER and RASHAD LARON MORRIS WILLIAMS. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.

**INTRA-DISTRICT ASSIGNMENT**

2. A substantial part of the events and/or omissions complained of herein occurred in Lake County, California, and this action is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California.

**PARTIES AND PROCEDURE**

3. Plaintiff SHERRILL FOSTER and HOWARD FOSTER bring these claims individually, as mother and father, respectively, and successors in interest for their son, CHRISTIAN DANTE FOSTER, Deceased, and the ESTATE OF CHRISTIAN DANTE FOSTER. Plaintiffs SHEILA BURTON and MINNIE BURTON bring these claims individually, as mother and grandmother, respectively, and successors in interest for their son and grandson, RASHAD LARON MORRIS WILLIAMS, Deceased, and the ESTATE OF RASHAD LARON MORRIS WILLIAMS. Plaintiffs bring these claims under California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions.

4. These claims are also brought individually and on behalf of Christian and Rashad, Deceased, and the their respective estates, under 42 USC §§ 1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiffs Sherrill Foster and Howard Foster are residents of the City and County of San Francisco, as is Plaintiff Sheila Burton; Plaintiff Minnie Burton is a resident of the County of Lake.

5. On information and belief, Defendants SHANNON EDMONDS and LORI TYLER are adult residents of the County of Lake.

6. The true names and capacities of Defendants sued herein as DOES 1-100 ("DOE defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the

other defendants, and at all material times acted within the course and scope of that relationship.

7. Plaintiffs are informed and believe that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, on information and belief, one or more DOE defendants was at all material times responsible for allowing Edmonds and Tyler unlawfully to sell recreational drugs, to possess firearms, to use minors in unlawful sale of recreational drugs, and for failing to protect persons such as Christian and Rashad. Some or all of these unknown defendants, on information and belief, are or were employed by municipal agencies such as the Lake County Sheriff's Department, the City of Clearlake's Police Department, and others; thus, the unindicted co-conspirators, acting in concert with Edmonds and Tyler, violated the constitutional rights of Plaintiffs, Christian, and Rashad.

8. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

9. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

10. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

11. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

///

## GENERAL ALLEGATIONS

12. Plaintiffs incorporate by reference all of paragraphs in this Complaint as though set forth fully herein.

13. This Complaint concerns a tragic incident which began the early morning of December 7, 2005, in the City of Clearlake and the County of Lake, at or around 2922 11th Street, in Clearlake, California. Decedents Christian and Rashad were running from the residence of Edmonds and Tyler at 2922 11th Street when, on information and belief, Edmonds opened fire on Christian and Rashad, shooting both men in the back. The result of Edmonds' unwarranted and illegal repeated discharge of his firearm resulted Edmonds killing both young men as they were across the street, with backs turned, running away from Edmonds.

14. On information and belief, between at least January 2004 and December 7, 2005, Edmonds had engaged in the unlawful sale of recreational drugs such as marijuana and "meth". As part of his network, Edmonds used young men – boys as young as 14 or 15 years of age – to peddle or market his drugs. By virtue of the fact that she lived with and assisted Edmonds, Tyler knew of these sales. When Christian and Rashad presented themselves at the house shared by Edmonds and Tyler on December 7, 2005, a fight broke out; Christian and Rashad fled the house and started running across the street. As Christian and Rashad gained the other side of the street, with their backs to him, Edmonds began to fire. Having struck one of the two decedents, who lay on the far side of the street, Edmonds proceeded across the street after the other, firing wildly with his gun. As a result of his recklessness, both Christian and Rashad were killed that night.

15. On information and belief, Edmonds and Tyler were targets in several, earlier robbery attempts, and these earlier attempts were designed to steal all or part of the couple's cache of marijuana and other drugs. Edmonds and Tyler failed to take steps to deter persons; unindicted municipal agencies/employees failed to force the couple to stop illegal activities.

16. The totality of the circumstances faced by Defendants on December 7, 2005, would have led a reasonable persons to realize that Christian and Rashad did not pose a reasonable, substantial, or imminent threat of death or serious bodily injury to any person during the initial confrontation, after they fled, and before they were shot.

17. These defendants in fact caused the death of Christian and Rashad.

18. Defendants failed to give any warning to Decedent before using deadly force, even though a warning would have been feasible and proper.

19. This was not a situation that would have been confusing to any person, or that required Defendants to make split second decisions, particularly after the initial contact and after Christian and Rashad had fled.

20. On information and belief, the unindicted municipal entities and employees had provided protection to Edmonds and Tyler, who are white; however, by protecting Edmonds, a known drug dealer, and by allowing the racist Edmonds to continue his illegal activity, these unindicted co-conspirators participated in the racially-motivated altercation and shootings of Christian and Rashad, both of whom were and are black, of African descent. The local agency policies, customs, practices and procedures in this regard were clearly inadequate or non-existent, and were the moving force behind constitutional deprivations suffered by the aggrieved parties.

21. The use of deadly force, described herein, was not justified or lawful under the circumstances.

22. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

///

23. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the below injuries and damages, past and future, among others:

    a. Wrongful death of Christian and Rashad;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral and burial expenses;

    d. Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

    e. Loss of economic support;

    f. Violation of constitutional rights;

    g. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

    h. Decedent's loss of life; and

    I. Decedent's conscious pain and suffering.

## COUNT ONE

## -- 42 USC §1983 --

### DEFENDANTS EDMONDS, TYLER, AND DOES 1-100

24. Plaintiffs incorporate by reference all of paragraphs in this Complaint as though set forth fully herein.

25. By the actions and omissions described above, Defendants Edmonds, Tyler, DOES 1-100, and each of them, violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

     a.     The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

     b.     The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

     c.     The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

     d.     The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

26.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions; the acts by those five defendants who killed Decedents were done with a purpose to cause harm, and were thus arbitrary conduct, shocking to the conscience. By virtue of the protection local law enforcement gave to Edmonds and Tyler, Edmonds and Tyler acted under color of law when they engaged the above acts which resulted in the tragic deaths of Christian and Rashad on December 7, 2005.

27.     In the case of certain un-named and unindicted co-conspirators, in performing the investigation, prosecuting Renato Hughes, preparing death certificates, preparing autopsy reports, and preparing related materials arising from Decedents' deaths, they engaged in acts designed to protect Edmonds and Tyler and to damage Plaintiffs. Other violations of Plaintiffs' rights include failure to investigate/evaluate properly these deaths, ignoring and/or failing properly and adequately to investigate and to discipline unconstitutional or unlawful police activity; and, allowing, tolerating, making, and/or encouraging to file false incident reports and to make false statements. By do doing, Plaintiffs suffered deprivation of their First Amendment rights.

///

*Foster, et al., v. Edmonds, et al.* (No. C   )
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF     - 7 -     P001.COMP

28.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages. Plaintiffs herein claim damages as set forth at paragraph 26, above.

29.     The conduct of all individual Defendants, named and un-named, entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq.

30.     Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

## COUNT TWO

### - 42 USC §1983 -

### DEFENDANTS EDMONDS, TYLER, AND DOES 1-100

31.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

32.     The unconstitutional actions and/or omissions of the responding un-named defendants, as well as others employed by or acting on behalf of unindicted municipal co-conspirators were pursuant to the following customs, policies, practices, and/or procedures of the these agencies, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the these agencies:

   a.   To use or tolerate the use of excessive and/or unjustified force;

   b.   To use or tolerate the use of unlawful deadly force;

   c.   To fail to institute and require proper and adequate training, policies, and procedures concerning responding to complaints and dealing with persons suspected of distributing, or known to distribute, illegal street drugs;

   d.   To cover-up violations of constitutional rights by failing to investigate properly and/or evaluate deaths involving black men shot by white persons, by ignoring and/or failing properly and adequately to investigate and to discipline unconstitutional or unlawful police activity, and by

                allowing, tolerating, and/or encouraging police officers to file false police reports; to make false statements; to intimidate, to treat with bias and/or to "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and, to obstruct and/or to interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    e.    To allow, to tolerate, and/or to encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    f.    To use or to tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of misconduct involving crimes against black people.

33.    Said Defendants failed properly to hire, to train, to instruct, to monitor, to supervise, to evaluate, to investigate, and to discipline certain individuals and other personnel, with deliberate indifference to Plaintiffs' Constitutional rights, which were thereby violated as described above.

34.    The unconstitutional actions and/or omissions of the individual Defendants and other personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the unindicted agencies, who acted in concert with Edmonds and Tyler. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within the relevant agencies, and that such policy makers have direct knowledge of the fact that Renato Hughes was not responsible for the deaths of Christian and Rashad, and by prosecuting Hughes these unindicted municipal actors are protecting the white drug dealers whom they have permitted to use and distribute illegal drugs for years. By so doing, the authorized policy makers within these agencies have shown affirmative agreement with the individual defendants' actions, and ratified the unconstitutional acts of the individual defendants.

35.    The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and

*Foster, et al., v. Edmonds, et al.* (No. C    )
COMPLAINT FOR DAMAGES AND
FOR INJUNCTIVE RELIEF    - 9 -    P001.COMP

discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of these unindicted agencies were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

36. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for the rights and safety of Plaintiffs and others by Defendants' acts and/or omissions.

37. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of these unindicted co-conspirators, as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth above, and punitive damages against the individual defendants sued in their individual capacities.

38. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages. Plaintiffs herein claim damages as set forth at paragraph 26, above.

39. The conduct of Defendants Edmonds, Tyler, DOES 1-100, and each of them, entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq.

40. Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

///

## COUNT THREE

## NEGLIGENCE

### ALL DEFENDANTS

41. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

42. During the relevant period, Defendants and each of them failed to exercise reasonable care, skill, and diligence in assessing the situation with Decedents. The acts which resulted in the deaths of Christian and Rashad were acts that fell below the standard of care.

43. As a direct and proximate result of Defendants' negligence, as alleged above, on December 7, 2005, Decedents were killed.

44. Thus, Plaintiffs directly and indirectly, as successors-in-interest and individually, were injured as a direct, legal result of the acts and failures by these Defendants.

45. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages, according to proof.

## COUNT FOUR

## BATTERY

### ALL DEFENDANTS

46. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

47. Defendants intentionally acted which resulted in harmful or offensive contacts with Decedents, or caused Decedents to be touched.

48. Decedents did not consent to the contact.

49. Defendants used unreasonable or excessive force to detain/prevent the escape of Decedents.

50. Decedents suffered harm as a result of the batteries and were foreseeably killed.

51. Defendants' use of excessive or unreasonable force was a substantial factor in causing harm to and death of Decedents, and the injuries to Plaintiffs.

52. Thus, the harmful or offensive contacts caused injury, damage, loss, or harm to the plaintiffs.

53. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages, according to proof.

## COUNT FIVE

## CALIFORNIA CIVIL CODE VIOLATIONS

## ALL DEFENDANTS

54. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

55. Defendants, and each of them, had duties to act in conformance with California law, and not to discriminate against Plaintiffs or the decedents. In spite of duties owed to Plaintiffs as found in California Civil Code §§ 51, 51.7, 52, et alia, on information and belief, motivated by race, these Defendants acted recklessly, intentionally, and/or negligently, resulting in the injuries and damages alleged herein. In this action, Plaintiffs seek *inter alia* relief from the denial of equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States on account of race, color, and/or national origin.

56. In doing the acts alleged above and in other ways, Defendants, and each of them, violated standards and laws.

57. As a direct, legal, and proximate result of the above-mentioned conduct, Plaintiffs were damaged, in an amount to be proven at trial.

1  58.  The conduct by the individual Defendants, and each of them, as described above was oppressive, fraudulent, and malicious, thereby entitling Plaintiffs to an award of punitive damages in an amount appropriate to punish and make an example of said Defendants.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

a.  compensatory damages, in an amount according to proof;

b.  punitive damages as to the individual defendants in an amount according to proof and which is fair, just, and reasonable;

c.  all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 51, 51.7, 52, et alia, Cal. Code of Civ. Proc. §§ 377.20 et seq. and 377.60 et seq., and as otherwise allowed by California and/or federal law;

d.  The following injunctive relief:

   (1)  An Order prohibiting Edmonds, Tyler, and others like them from dealing drugs to, and using, minors and young adults in the illegal drug trade; and,

   (2)  An Order prohibiting harassment, as defined by California Code of Civil Procedure, section 527.6, of Plaintiffs.

e.  such other and further relief as this Court may deem appropriate.

Date: June 26, 2007

/s/Russell A. Robinson
By:  Russell A. Robinson
Law Office of Russell A. Robinson, APC
Attorneys for Plaintiffs
SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON

///

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |

2  PLEASE TAKE NOTICE that Plaintiffs hereby demand a trial by jury in this matter.
3  That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiffs demand a
4  trial by jury as is their guaranteed right. Pursuant to FRCP, Rule 39, Plaintiffs request that the
5  matter be designated as a jury action upon the Court's docket.

8  Date: June 26, 2007

        /s/Russell A. Robinson
    By: Russell A. Robinson
    Law Office of Russell A. Robinson, APC
    Attorneys for Plaintiffs
    SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON