**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

Attorneys for Defendant COUNTY OF LAKE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON,<br><br>Plaintiff,<br><br>vs.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE; CITY OF CLEARLAKE, and DOES 1 through 100,<br><br>Defendants | Case No.: C-07-5445 EMC<br><br>**DEFENDANT LAKE COUNTY'S, MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS and AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   May 21, 2008<br>TIME:   10:30 a.m.<br>CTRM:   C |

Defendant COUNTY OF LAKE hereby moves this Court to dismiss the First Amended Complaint (hereinafter "FAC") of Plaintiffs SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON (hereinafter collectively "Plaintiffs")[1] pursuant to Fed.R.Civ.P. 12 (b)(6) and submits the following Memorandum of Points and Authorities in Support Thereof.

///

---

[1] Plaintiffs are the alleged successors in interest of decedents Christian Foster and Rashad Williams. Although the respective estates of decedents are not named as parties, Defendants assume for purposes of this motion that such claims are being asserted, but reserve the right to raise whether Plaintiffs have standing to assert claims on behalf of the estate as currently alleged, if necessary. See Tatum v. City & County of San Francisco, 441 F.3d 1090, 1094 (9th Cir. 2006).

1

**DEFENDANT LAKE COUNTY'S MOTION TO DISMISS; P&A'S SUPPORT**

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00571154.WPD

**I.**

**ABBREVIATED BACKGROUND AND ALLEGATIONS OF COMPLAINT**

Plaintiffs allege that Defendants EDMONDS and TYLER, residents of Clearlake, California, were engaged in the sale of illegal drugs, using young men to assist them in that purported enterprise. (FAC, ¶s 13, 14). In the early morning hours of December 7, 2005, Christian Foster and Rashad Williams "presented themselves" at the residence of Defendants EDMONDS and TYLER.[2] (Id). A fight broke out, and Christian Foster and Rashad Williams (collectively "decedents") were fatally shot by Defendant EDMONDS as a result. (FAC, ¶ 14).

Plaintiffs do not allege that any agent or employee of the COUNTY OF LAKE was present or participated in the shooting of decedents, or that Defendants EDMONDS or TYLER are agents or employees of the COUNTY OF LAKE. Rather, Plaintiffs allege in a vague and conclusory fashion that the COUNTY OF LAKE "provided protection to EDMONDS and TYLER" as "white drug dealers," although how such protections were accomplished is not alleged. (FAC, ¶ 20, 26). Plaintiffs also vaguely allege improper investigation into the deaths of Christian Foster and Rashad Williams and various cover-up activities by unidentified parties. (FAC, ¶ 27).

Based thereon, Plaintiffs assert violations of the Fourth, Ninth and Fourteenth Amendments against Defendant COUNTY OF LAKE pursuant to 42 U.S.C. section 1983 arising from alleged excessive use of force, improper investigation of the deaths of Christian Foster and Rashad Williams and/or failure to train and/or discipline its officers in investigating crimes, interference with the familial rights of Plaintiffs, and conspiracy. (FAC, ¶s 24-30, Counts One and Two). In addition, Plaintiffs expressly assert state law claims for violations of Civil Code sections 51, 51.7, and 52 et seq. (FAC, ¶s 54-58, Count

---

[2] Although not alleged, it is oft-reported that several persons apparently gained unlawful entry into the residence of Defendants EDMONDS and TYLER on the morning of December 7, 2005, and severely beat an occupant with a baseball bat. The fatal shooting occurred immediately thereafter.

2
**DEFENDANT LAKE COUNTY'S MOTION TO DISMISS; P&A'S SUPPORT**
00571154.WPD

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1  Five). Although Plaintiffs reference California Code of Civil Procedure sections 377.20 and
2  377.60 several times, no claim for relief based thereon is separately asserted. (FAC, ¶s 3,
3  25d, 29, and 39). Plaintiffs do not allege compliance with Government Code sections 900
4  et seq. (hereinafter the "California Claims Act"), i.e., that a tort claim was filed and/or
5  rejected and the dates thereof.

By this motion, Defendant COUNTY OF LAKE moves to dismiss all federal claims against it for failure to state sufficient facts of an underlying Constitutional violation by an employee of Defendant COUNTY OF LAKE, and further moves to dismiss all state law-based claims for failure to allege compliance with the California Claims Act.

## II.

## LEGAL STANDARD FOR MOTION TO DISMISS

A complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) where it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46. Additionally, a motion to dismiss is appropriate where a plaintiff discloses some absolute defense or bar to recovery in his pleading. Fed.R.Civ.P. 12(b)(6); Quiller v. Barclays American Credit Inc., 727 F.2d 1067, 1069 (5th Cir. 1984). Dismissal for failure to state to claim is a question of law. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). Allegations of fact in the complaint must be taken as true and construed in a light most favorable to a non-moving party. Symington, 51 F.3d at 1484. However, mere "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). When it is absolutely clear that the deficiencies in a complaint cannot be overcome by amendment, the court need not provide an opportunity to amend. Cook Perkiss & Liehe, Inc. v. N.Cal.Collection Serv.,Inc., 911 F.2d 242, 247 (9th Cir. 1990); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3
**DEFENDANT LAKE COUNTY'S MOTION TO DISMISS; P&A'S SUPPORT**
00571154.WPD

### III.

### PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. SECTION 1983 BECAUSE THEY FAIL TO STATE AN UNDERLYING CONSTITUTIONAL VIOLATION

In their first and second claims, Plaintiffs assert violations of the Fourth, Ninth and Fourteenth Amendments pursuant to 42 U.S.C. section 1983 against Defendant COUNTY OF LAKE. (FAC, ¶s 24-30). Defendant submits that Plaintiffs fail to state sufficient facts to constitute cognizable claims for relief against Defendant COUNTY OF LAKE.

A municipality is subject to liability for damages under 42 U.S.C. section 1983 for the unconstitutional acts of its employees only when those acts may fairly be said to represent official policy. Monell v. Department of Social Servs., 436 U.S. 658, 695 (1978). Municipal liability under 42 U.S.C. section 1983 can be established only where plaintiff shows that (1) he was deprived of his constitutional rights; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 389-91 (1989); see Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)(*quoting* Canton and analyzing Monell liability). An isolated incident is not sufficient to establish a custom or policy. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 820-21 (1985). Further, the determination of a constitutional violation by a government employee is required before the governmental entity can be held liable under Monell. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)("neither [Monell] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when ... the officer inflicted no constitutional harm")(internal citations omitted); Scott, 39 F.3d at 916. If the employee is not liable for a constitutional violation, there is no basis for municipal liability. Heller, 475 U.S. 796 at 799.

**1.    Plaintiffs May Not Rely on the Ninth Amendment as a Basis for a Claim**.

The Ninth Amendment states that, "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." By its terms, the Ninth Amendment does not provide an independent basis for asserting a civil

4

1  rights claim. See Griswold v. Connecticut, 381 U.S. 479, 484 (1965) (a section 1983 claim
2  must be premised on a specific constitutional guarantee). Accordingly, as acknowledged by
3  the Ninth Circuit, the Ninth Amendment "has never been recognized as independently
4  securing any constitutional right, for purposes of pursuing a civil rights claim." Strandberg
5  v. Helena, 791 F.2d 744, 748-749 (9th Cir. 1986) (citing cases). Therefore, Plaintiffs may
6  not rely on the Ninth Amendment to state a claim pursuant to 42 U.S.C. section 1983. On
7  this basis, the motion to dismiss the claims of Plaintiffs as asserted in claims one and two
8  based upon violations of the Ninth Amendment should be granted and those claims dismissed
9  without leave to amend.

**2.  Plaintiffs Fail to State Sufficient Facts to Support a Violation of the Fourth/Fourteenth Amendment.**

The Supreme Court has held that "Fourth Amendment rights are personal rights which ... may not be vicariously asserted." Alderman v. United States, 394 U.S. 165, 174 (1969). The plaintiffs, as parents or guardians, were not directly subjected to the alleged excessive use of force and therefore only the estates may directly assert causes of action under section 1983. In that regard, where the alleged deprivation occurs outside a seizure or search, the Fourth Amendment is not implicated; rather, such claims are analyzed under substantive due process principles of the Fourteenth Amendment. See County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) ("Lewis"). Here, no agent or employee of COUNTY OF LAKE is alleged to have searched or seized anything or anyone. Accordingly, the claims of Plaintiffs-decedents' estates are analyzed under the Fourteenth Amendment.

In addition, the Ninth Circuit has recognized that the decedent's family members may sue for violation of their Fourteenth Amendment substantive due process rights to familial association. See, e.g., Moreland v. Las Vegas Metropolitan Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998) ("[r]egardless of whether [plaintiffs] have standing to assert a Fourth Amendment claim based on [decedent's] death, they each may assert a Fourteenth Amendment claim based on the related deprivation of their liberty interest arising out of their relationship with [decedent].") Such a claim is dependent upon whether the decedent's rights

5

1  were violated. See Estate of Imrie v. Golden Gate Bridge Highway and Transp. Dist., 282
2  F.Supp.2d 1145, 1149-50 (N.D. Cal. 2003) (because defendants took no affirmative action
3  that placed the decedent in danger, any due process claim for deprivation of familial
4  association under section 1983 also failed).
5         Under the Fourteenth Amendment, the general rule is that "a State's failure to protect
6  an individual against private violence simply does not constitute a violation of the Due
7  Process Clause." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197
8  (1989). The exceptions to this general rule are (1) where there is "special relationship" or (2)
9  the state took affirmative steps to create the danger. L. W. v. Grubbs, 974 F.2d 119, 121 (9th
10 Cir. 1992); See e.g. Butera v. District of Columbia, 235 F.3d 637 (D.C. Cir. 2001) (officers
11 failed to protect decedent serving as an undercover operative for police department during
12 a drug buy.)  The purpose of the Due Process Clause is to protect the people from the state,
13 not to ensure that the state protects them from each other. DeShaney, 489 U.S. at 196 ("The
14 Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain
15 minimal levels of safety and security...."). To state a claim for substantive due process
16 violation, Plaintiff must state facts sufficient to shock the conscience. See Lewis, 523 U.S.
17 at 850, 852-54. (finding that even applications of deadly force cannot be conscience-shocking
18 unless undertaken maliciously and sadistically for the very purpose of causing harm).
19 Violations of alleged duties of care arising out of tort law do not give rise to liability under
20 Section 1983. See Baker v. McCollan, 443 U.S. 137, 146 (1979).
21        In the present case, Defendants respectfully submit that Plaintiffs have not alleged
22 facts sufficient to show that the fatal shootings of Christian Foster and Rashad Williams were
23 the result of any conduct of an agent or employee of the COUNTY OF LAKE, much less
24 conduct which rises to the level of conscious-shocking. Indeed, a thorough review of the
25 Complaint reveals no allegations that an agent or employee of the COUNTY OF LAKE was
26 present or participated in the shooting, directed or placed Christian Foster and Rashad
27 Williams in harm's way, made promises to protect decedents to establish a special
28 relationship or otherwise took affirmative steps to "create the danger" of the events of

1  December 7, 2005. The vague allegations that Defendant EDMONDS somehow received
2  preferential treatment, or protection, in the selling of illegal drugs are wholly insufficient to
3  state facts of a special relationship or state-created danger. Rather, the allegations in the
4  FAC clearly contend that Christian Foster and Rashad Williams were at the residence of
5  EDMONDS of their own accord involving their own interests in illegal drugs, such that they
6  created their own danger. Decedents' creation of their own danger that ultimately befell
7  them is not actionable against the County as a matter of law.

8  Plaintiffs have not stated facts that any agent or employee of the COUNTY OF LAKE
9  violated the Fourteenth Amendments rights of either the decedents or Plaintiffs sufficient to
10 support a Monell-type claim as against the COUNTY OF LAKE as a matter of law. On this
11 basis, the motion to dismiss the alleged violations of the Fourth/Fourteenth Amendments as
12 asserted in counts one and two should be granted without leave to amend.

13 **3.   Any Alleged Post-death Conduct Did Not Proximately Cause Any Constitutional Violation**
14

15 As stated above, Monell-type liability against an entity is established only where, *inter*
16 *alia*, the alleged unconstitutional policy is the moving force behind the constitutional
17 violation. City of Canton, supra, 489 U.S. at 389-91. In determining whether a policy
18 "caused" the constitutional injury, the court must inquire whether the constitutional injury
19 would have been avoided had the policy not been deficient. Id. at 39 (discussing alleged
20 failure to train policies). In other words, "the policy must be the proximate cause of the
21 section 1983 injury." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996)

22 Here, Plaintiffs allege that, following the deaths of Christian Foster and Rashad
23 Williams, the COUNTY OF LAKE failed to properly investigate the deaths, destroyed
24 evidence, "preparing related materials arising from the Decedents' deaths" and other post-
25 death activities. (FAC, ¶ 27). Defendants submit that these allegations could not have
26 proximately caused any constitutional injury to Plaintiffs arising from the Decedents' deaths
27 as a matter of law. Plaintiffs have not properly stated that any policy, practice or procedure
28 of the COUNTY OF LAKE which occurred after the deaths of Christian Foster and Rashad

**DEFENDANT LAKE COUNTY'S MOTION TO DISMISS; P&A'S SUPPORT**

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00571154.WPD

Williams was the moving force behind any constitutional injury to the Plaintiffs. On this additional basis, the motion to dismiss the alleged violations of the Fourth and Fourth Amendments as asserted in claims one and two should be granted without leave to amend.

### IV.

### ASSUMING THE FEDERAL CLAIMS ARE DISMISSED, THIS COURT SHOULD DISMISS THE STATE-BASED CLAIMS FOR LACK OF SUPPLEMENTAL/PENDANT PARTY JURISDICTION

Assuming arguendo this court grants the motion to dismiss as to claims of Plaintiffs based on 42 U.S.C. section 1983, Defendants request that the court exercise its discretion and dismiss the remaining state claim for lack of jurisdiction.

District Courts may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). When all federal claims are eliminated before trial, courts have routinely declined to retain jurisdiction only over complex questions of state law. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (en banc); 28 U.S.C. § 1367(c) (declining to *sua sponte* exercise supplemental/pendant jurisdiction given the factors enumerated in § 1367(c) and the interests of "economy, convenience, fairness, and comity").

Thus, if Plaintiffs' claims under 42 U.S.C. section 1983 claim for relief against Defendant COUNTY OF LAKE are dismissed, Defendants respectfully submit that the Court should decline to exercise jurisdiction as to the state-based claims.

### V.

### THE STATE LAW CLAIMS OF PLAINTIFFS ARE BARRED FOR FAILURE TO COMPLY WITH THE CALIFORNIA CLAIMS ACT

Assuming arguendo the court retains jurisdiction over the state claims, Defendant submits that these claims are barred for failure to allege compliance with the California Claims Act. Presentation of a claim pursuant to California Claims Act is a mandatory prerequisite to maintaining a cause of action against a public entity. Janice v. State Lottery Comm'n. 68 Cal.App. 4th 824, 832 (1998); Cal. Gov. Code § 945.4. Further, a plaintiff must

8
**DEFENDANT LAKE COUNTY'S MOTION TO DISMISS; P&A'S SUPPORT**

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00571154.WPD

1  affirmatively allege compliance with the presentation requirement in order to maintain a
2  claim for relief as against the entity. C.A. Magistretti Co. v. Merced Irrigation Dist., 27
3  Cal.App.3d 270, 275 (1972).

4  In this case, there are no allegations of compliance with the California Claims Act in
5  the FAC. Accordingly, the enumerated state law-based claims, including claim five for
6  violations of Civil Code sections 51, 51.7, and 52 et seq., are barred. C.A. Magistretti Co.,
7  27 Cal.App.3d at 275. To the extent Plaintiffs assert claims pursuant to California Code of
8  Civil Procedure sections 377.20 and 377.60, these claims are similarly barred. This omission
9  requires Plaintiffs' state law claims be dismissed. Therefore, the motion to dismiss should
10 be granted.

## VI.

## CONCLUSION

13 Based on the foregoing, Defendant submits that Plaintiffs fail to state a claim based
14 on federal or state law, and respectfully requests that its motion to dismiss be granted without
15 leave to amend.

Respectfully submitted,

Dated:  April 10, 2008            PORTER SCOTT
                                  A PROFESSIONAL CORPORATION

                                      /s/ John R. Whitefleet
                                  By _____
                                      Terence J. Cassidy
                                      John R. Whitefleet
                                      Attorney for Defendant
                                      COUNTY OF LAKE

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00571154.WPD

9
**DEFENDANT LAKE COUNTY'S MOTION TO DISMISS; P&A'S SUPPORT**