**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

Attorneys for Defendant COUNTY OF LAKE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON, <br><br> Plaintiff, <br><br> vs. <br><br> SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE; CITY OF CLEARLAKE, and DOES 1 through 100, <br><br> Defendants | Case No.: C-07-5445 WHA <br><br> **DEFENDANT LAKE COUNTY'S, REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)** <br><br> DATE:   May 29, 2008 <br> CTRM:   9 <br> TIME:   8:00 a.m. |

Defendant COUNTY OF LAKE ("Defendant") hereby submits the following Reply to Plaintiffs' SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON (hereinafter collectively "Plaintiffs") Opposition to Defendant's Motion to Dismiss.

### I.

### TO SURVIVE A MOTION TO DISMISS, PLAINTIFFS MUST DO MORE THAN PROVIDE "FAIR NOTICE" OF HIS CLAIMS

While Plaintiffs correctly note that F.R.Civ.P. Rule 8(a) requires a complaint to only contain a short and plain statement, (Opposition, p.3:9-15), Plaintiffs incorrectly state that "fair notice" of the claims therein is all that is required, and imply that to require additional

1
**DEFENDANT LAKE COUNTY'S REPLY TO OPPOSITION TO MOTION TO DISMISS**
PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00580075.WPD

details amount to a heightened pleading standard (Opposition, p. 8:6-22). In support, Plaintiffs rely on numerous cases.

Defendant submits the cases upon which Plaintiffs rely have been severely undermined, if not implicitly overturned, by the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). The Twombly Court, in rejecting the "fair notice" standard, instructs that in order to survive a motion to dismiss, a complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1986-87. In other words, "factual allegations must be enough to raise a right to relief above the speculative level," such that "a formulaic recitation of the elements of a cause of action will not do." Id. In that regard, a court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Equally important, claims of conspiracy indeed require a "heightened" pleading standard:

> In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery. These allegations may be supported by either direct or circumstantial evidence. This standard is not intended to be difficult to meet as it serves the limited purpose of enabling the district court to dismiss insubstantial suits prior to discovery and allowing the defendant to prepare an appropriate response, and where appropriate, a motion for summary judgment based on qualified immunity.

Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997). In other words, the Ninth Circuit requires allegations of conspiracy be pleaded specifically. Defendant COUNTY OF LAKE submits that with these standards in mind, the Complaint of Plaintiffs fail to state facts which plausibly state a claim for relief against it, nor have Plaintiffs proffered sufficient facts to support a plausible claim such that leave should not be granted to amend.

///
///
///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

2
**DEFENDANT LAKE COUNTY'S REPLY TO OPPOSITION TO MOTION TO DISMISS**
00580075.WPD

## II.

## PLAINTIFFS CONCEDE THAT THE STATE LAW CLAIMS SHOULD BE DISMISSED

Defendant moves to dismiss all state-based claims for failure to comply with the California Claims Act. In their opposition, Plaintiffs concede that their complaint was filed in this action "more than six months" following rejection of the tort claim. (Opposition, 3:18-19). Thus, Plaintiffs admit that all claims based on state law, including the claims for violations of Civil Code sections 51, 51.7, and 52 et seq., and any claims pursuant to California Code of Civil Procedure sections 377.20 and 377.60, are barred for failure to comply with the California Claims Act, and California Government Code section 945.6. (Opposition, 3:16-4:3). Therefore, the motion to dismiss should be granted, and Plaintiffs' state law claims for violations of Civil Code sections 51, 51.7, and 52 et seq., and any claims pursuant to California Code of Civil Procedure sections 377.20 and 377.60, should be dismissed with prejudice.

## III.

## PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. SECTION 1983 BECAUSE THEY FAIL TO STATE AN UNDERLYING CONSTITUTIONAL VIOLATION

Defendant moves to dismiss the first and second claims based on violations of the Fourth, Ninth and Fourteenth Amendments pursuant to 42 U.S.C. section 1983 against Defendant COUNTY OF LAKE, on the grounds that Plaintiffs fail to state an underlying constitutional violation by any agent of Defendant attributable to Defendant COUNTY OF LAKE for purposes municipal liability under 42 U.S.C. section 1983 and <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 695 (1978). In opposition, Plaintiffs concede that any claim based on the Ninth Amendment was improper. (Opposition, p.3:6, 8:4). Accordingly, Plaintiffs' claim based on the Ninth Amendment should be dismissed.

As to the claims based on the Fourth Amendment, Plaintiffs appear to argue that because Edmonds is alleged to have acted under color of law in shooting Foster and Williams, this implicates an underlying violation Fourth Amendment attributable to the

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3

DEFENDANT LAKE COUNTY'S REPLY TO OPPOSITION TO MOTION TO DISMISS
00580075.WPD

1  Defendant. (Opposition, p.4:13-22. 7:8-20). This fact alone is insufficient to establish an
2  agent or employee of Defendant COUNTY OF LAKE was involved in a Fourth Amendment
3  seizure.
4        In essence, Plaintiffs do not allege that sheriff deputies or employees of Defendant
5  COUNTY OF LAKE participated, orchestrated or were even present for the shooting of
6  decedents Foster and Williams on December 7, 2005. In other words, no employee of the
7  Defendant COUNTY OF LAKE conducted a seizure of decedents or failed to act so as to
8  implicate the Fourth Amendment. See e.g. Soldal v. Cook County, 506 U.S. 56 (1992)
9  (holding that where Sheriff's Department deputies were present at an illegal forcible eviction,
10 but the deputies refused to interfere with the eviction and tow of plaintiff's trailer, such
11 conduct implicated a violation of plaintiff's Fourth and Fourteenth Amendment rights by the
12 deputies). That Plaintiffs allege Edmonds was a private actor acting under color of law does
13 not convert him into an employee of Defendant, or equate to rendering his actions
14 attributable to Defendant. Indeed, Plaintiffs cite to no authority for this proposition. In
15 addition, Plaintiffs proffer no additional facts to support or warrant granting leave to amend
16 the complaint in this regard. Accordingly, Plaintiffs do not state a claim under the Fourth
17 Amendment, and on this basis, the motion to dismiss should be granted.
18       Rather, as Defendant submitted in its moving papers, conduct by officers of an alleged
19 deprivation generally occurring outside a seizure or search is properly analyzed under
20 substantive due process principles of the Fourteenth Amendment. See County of
21 Sacramento v. Lewis, 523 U.S. 833, 843 (1998). In opposition to this issue, Plaintiffs do not
22 specifically address or otherwise argue that the facts of the complaint are sufficiently pleaded
23 so as to state a substantive due process claim under the Fourteenth Amendment. By failing
24 to address this issue, Plaintiffs appear to concede that they have not and cannot allege any
25 special relationship or that any agent of Defendant specifically created the danger that befell
26 decedents on December 7, 2005. L. W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992).
27 Plaintiffs do not proffer any additional facts beyond the complaint that would support such
28 allegations. Rather, Plaintiffs continue to stand on vague overly broad and conclusive

4

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANT LAKE COUNTY'S REPLY TO OPPOSITION TO MOTION TO DISMISS**
00580075.WPD

statements that "members of the..Lake County...Sheriff Department[]" provided "protection" to Edmonds. (Opposition, p. 5:11-15). Such allegations are wholly insufficient to state a plausible claim for relief for substantive due process violations of the Fourteenth Amendment. On this additional basis, the motion should be granted without leave to amend.

### IV.

### PLAINTIFFS DO NOT STATE A CLAIM ARISING FROM POST-DEATH CONDUCT, INCLUDING THE NEWLY ASSERTED CLAIM FOR VIOLATION OF THE FIRST AMENDMENT

Defendant alternately moves to dismiss any claim arising from any alleged conduct occurring after December 7, 2005, on the grounds that Plaintiffs failed to sufficiently allege that any unconstitutional policy was the moving force behind any purported constitutional violation for Monell-type liability. In their opposition, Plaintiffs do not address or otherwise argue that any policy of Defendant arising from the alleged failure to properly investigate the deaths, destroy evidence and other post-death activities proximately caused any violation of the Fourth or Fourteenth Amendment. On this additional basis, the motion to dismiss the alleged violations of the Fourth and Fourth Amendments as asserted in claims one and two should be granted without leave to amend.

Rather, Plaintiffs now assert a new claim: violation of the First Amendment right to access to the court based on conduct which post-dated December 7, 2005. (Opposition, p. 5:16-7:7, 8:3). Specifically, Plaintiffs claim that the alleged failure to prosecute Edmonds by the Lake County District Attorney (Opposition, p. 5:16-24), or that Lake County Sheriff Department member "allowed large amounts of illegal drugs to be removed from the 11st Street house and either destroyed or hidden" (Opposition, p. 6:3-6). Based thereon, Plaintiffs appear to claim such conduct violates their right to access to the courts under the First Amendment, relying on Delew v. Wagner 143 1219 (9th Cir. 1998) and cases cited therein.

Defendant submits that this claim fails as a matter of law, and leave should not be granted to amend. The Complaint of Plaintiffs clearly does not state any facts or rely on the First Amendment right to access the courts. On this basis, the Motion to Dismiss should be granted. The question becomes whether leave to amend should be allowed. Defendant

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

5

**DEFENDANT LAKE COUNTY'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

00580075.WPD

respectfully submits that Plaintiffs have not proffered sufficient nor plausible facts to support such a claim.

First, any conduct by the District Attorney's office arising from the alleged failure to prosecute cannot be attributable to the County. In that regard, it is now settled that a California District Attorney is a state official, not a county actor, when deciding whether to prosecute an individual. Weiner v. San Diego County, 210 F.3d 1025 (9th Cir. 2000). Accordingly, Plaintiffs cannot state a claim against Defendant COUNTY OF LAKE for any perceived prosecutorial shortcomings, if any, occurring after December 7, 2005.

As to denial of access to the courts based on any other post-death conduct, Plaintiffs' proffered allegations fall far short of the required elements to state such a claim. "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." Lewis v. Casey, 518 U.S. 343, 384 (1996) (quoting Hatfield v. Bailleaux, 290 F.2d 632, 637 (9th Cir. 1960)). Claims for denial of access to the courts fall into two categories: the first type involves a claim that official action is currently preventing the plaintiff from filing a suit at the present time; the second type involves allegations that some past wrongful conduct influenced a litigation opportunity such that the litigation "ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." See Christopher v. Harbury, 536 U.S. 403, 414 (2002). In order to state a claim for violation of the First Amendment for denial of access to the courts, Plaintiffs are required to allege (1) the underlying cause of action, that is, one that has been lost or whose loss is anticipated; and (2) "a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 411-16 (noting that alleged prejudice caused by the elapse of time, such as fading of memories or possible destruction of evidence, were insufficient to state a claim for denial of access citing Harbury v. Deutch, 233 F.3d 596, 609 (D.C. Cir. 2000).

Plaintiffs do not proffer any facts regarding the above elements. On this basis alone, no leave to amend should be granted. Indeed, Plaintiffs simply appear to rely on the

6

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANT LAKE COUNTY'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

00580075.WPD

1  speculative destruction of illegal drugs. (Opposition, p.6:2-6). Defendant submits such is
2  insufficient to support a plausible claim for First Amendment violation of a lost action and/or
3  available remedy. Significantly, given that Plaintiffs have apparently acknowledged to have
4  timely filed a tort claim under the California Tort Claims Act for state-law claims, but
5  admitted that they simply failed to timely file their complaint, Defendant submits that any lost
6  cause of action is their own doing, not Defendant's. Equally important, any alleged
7  destruction of illegal drugs is likely authorized under 21 U.S.C. 881(f) (1995) (authorizing
8  forfeiture and destruction of controlled substances) and/or California Health and Safety Code
9  section 11469 et seq. (same). Moreover, Plaintiffs fail to plausibly explain the causal
10 connection between alleged loss of evidence and Plaintiffs's newly alleged denial of access
11 to the court. Defendant submits there is no plausible connection. Thus, Plaintiffs offer
12 insufficient facts to demonstrate how their complaint could be otherwise amended to support
13 a plausible claim for First Amendment violation. Accordingly, the motion should be granted
14 without leave to amend.

## V.

## CONCLUSION

Based on the foregoing, Defendant submits that Plaintiffs fail to state a claim based on federal or state law, and respectfully requests that its motion to dismiss be granted without leave to amend.

Respectfully submitted,

Dated: May 7, 2008        PORTER SCOTT
                          A PROFESSIONAL CORPORATION

                          /s/ John R. Whitefleet
                          By _____
                          Terence J. Cassidy
                          John R. Whitefleet
                          Attorney for Defendant
                          COUNTY OF LAKE