STEPHEN F. O'NEILL, SBN 62317
MARGARET S. FLYNN, SBN 130815
NORMAN L. CHONG, SBN 111439
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
100 Stony Point Road, Suite 270
Santa Rosa, CA 95401
Telephone:   (707) 576-1380
Facsimile:   (707) 544-3144
Email:       oneill@to2law.com
Attorneys for Defendant
SHANNON EDMONDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON,<br><br>          Plaintiffs<br><br>v.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE, CITY OF CLEARLAKE, and DOES 1-100,<br><br>          Defendants. | Case No.  C-07-5445-EMC<br><br>ANSWER OF DEFENDANT SHANNON EDMONDS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF<br><br>(Jury Trial Demanded) |

COMES NOW defendant SHANNON EDMONDS, and for himself alone, answers plaintiffs' First Amended Complaint as follows:

1.  Defendant denies each and every, all and singular, the allegations contained in Paragraphs 1, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23(a through i), 24, 25 (a through d), 26, 27, 28, 29, 30, 31, 32 (a through f), 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58.

2.  Defendant further denies that plaintiffs, or any of them, are entitled to the relief sought, or to any other relief, whatsoever or at all, whether monetary, injunctive, or otherwise.

3.  AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that the damages of which plaintiffs complain were legally caused or contributed to by the carelessness, negligence, criminal acts, or other culpable conduct of plaintiffs' decedents.

4.  AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that the damages that each plaintiff claims were caused in whole or in part by the carelessness, negligence, criminal conduct, or other culpable conduct of one or all of the decedents of the other plaintiffs.

5.  AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that each and all of the plaintiffs' decedents voluntarily assumed the risk of serious bodily injury or death arising from the carelessness, negligence, or criminal conduct in which each of those decedents participated at the time and place relevant to the First Amended Complaint, and undertook said risks with knowledge of the same and in a voluntary fashion, thus barring plaintiffs from recovery of damages or other relief by way of the defense of voluntary assumption of risk.

6.  AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that at the time and place mentioned in plaintiffs' First Amended Complaint, plaintiffs' decedents had unclean hands in the matters alleged, and plaintiffs are thus barred from recovery by the doctrine of unclean hands.

/ / /

7. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that at the time and place referred to in the First Amended Complaint, defendant was exercising the lawful and privileged use of force to protect his life and safety.

8. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that at the time and place referred to in the First Amended Complaint, defendant was exercising the lawful and privileged use of force to protect the life and safety of others.

9. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that at the time and place referred to in the First Amended Complaint, defendant was exercising the lawful and privileged use of force to protect his personal and/or real property.

10. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that at the time and place referred to in the First Amended Complaint, each of plaintiffs' decedents voluntarily acted in a conspiracy to deprive defendant and others in defendant's family of their life, health, well being, and/or personal property, which caused defendant to have the reasonable perception of the need to protect himself, his family, and his property from plaintiffs' decedents' actions by use of force.

11. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that plaintiffs' actions are barred as it was untimely filed pursuant to the applicable statute of limitations, including but not limited to, California Code of Civil Procedure §§ 335, 335.1, 336, 337.1, 337.2, 337.3, 337.5, 337.6, 337.15, 338.1, 339,

339.5, 340, 340.1, 340.2, 340.3, 340.4, 340.5, 340.7, 340.9, 340.10, 340.15, which govern plaintiffs' claims against this defendant.

12. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that the First Amended Complaint fails to state a cause of action for which relief may be granted.

13. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that plaintiffs have no capacity to bring the aforesaid action and that plaintiffs lack standing to pursue the action.

14. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that plaintiffs themselves were negligent in the control and supervision of their decedents, and that their failure to exercise control and supervision over those decedents was negligent, and by their negligence, the plaintiffs caused or contributed to the events complained of in the First Amended Complaint.

15. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that the plaintiffs do not have capacity or standing to bring this action.

16. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that the First Amended Complaint fails to state a cause of action for punitive damages against this defendant.

17. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT DENIES that the plaintiffs have properly served this defendant with the Summons and Complaint, or the Summons and First Amended Complaint, as

required by law, including but not limited to Federal Rules of Civil Procedure, Rule 4, 4(m), therefore, plaintiffs' claims are barred in their entirety.

18. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT DENIES that he was acting under the color of law with regard to allegations made by plaintiffs in their First Amended Complaint, and that plaintiffs' claims are barred in their entirety, and plaintiffs are not entitled relief pursuant to 42 USC §§ 1983 and/or 1988, the United States Constitution, or Federal Civil Rights Law, or the California Constitution, as alleged by plaintiffs.

19. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that Count 1 of plaintiffs' First Amended Complaint fails to state a cause of action against this defendant for a violation of 42 USC § 1983, or the Fourth, Ninth, or Fourteenth Amendments to the United States Constitution, or California Code of Civil Procedure § 377.20, *et seq.* or 377.60 *et seq*.

20. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that Count 2 of plaintiffs' First Amended Complaint fails to state a cause of action against this answering defendant based upon a violation of 42 USC § 1983, 42 USC § 1988, or California Code of Civil Procedure § 377.20.

21. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that Count 3 of plaintiffs' First Amended Complaint fails to state a cause of action for negligence against this answering defendant.

22. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that Count 4 of plaintiffs' First Amended

Complaint fails to state a cause of action for battery against this answering defendant.

23. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ALLEGES that Count 5 of plaintiffs' First Amended Complaint fails to state a cause of action for violation of California Civil Code §§ 51, 51.7, 52, or any other California Civil Code section against this answering defendant.

24. AS AND FOR A SEPARATE AND FURTHER DEFENSE, DISTINCT FROM THE ABOVE, THIS ANSWERING DEFENDANT ASSERTS that the court lacks subject matter jurisdiction over this defendant.

WHEREFORE, defendant prays that plaintiffs take nothing by reason of the First Amended Complaint on file herein, and that the same be dismissed, together with costs of suit and such other and further relief as the court deems proper.

Dated: May 6, 2008         TARKINGTON, O'NEILL, BARRACK & CHONG
                           A Professional Corporation


                           By        /S/
                              STEPHEN F. O'NEILL
                              Attorneys for Defendant SHANNON EDMONDS

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that defendant SHANNON EDMONDS hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38.

Dated: May 6, 2008         TARKINGTON, O'NEILL, BARRACK & CHONG
                           A Professional Corporation


                           By        /S/
                              STEPHEN F. O'NEILL
                              Attorneys for Defendant SHANNON EDMONDS

---