**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

Attorneys for Defendant COUNTY OF LAKE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON, | Case No.: C-07-5445 WHA |
| Plaintiff, | **DEFENDANT COUNTY OF LAKE'S CASE MANAGEMENT STATEMENT** |
| vs. | |
| SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE; CITY OF CLEARLAKE, and DOES 1 through 100, | |
| Defendants / | |

Defendant COUNTY OF LAKE hereby submits the following Case Management Statement[1] and Proposed Order.

### DESCRIPTION OF THE CASE

**1.    A brief description of the events underlying the action:**

This case arises from the shooting deaths of Christian Foster and Rashad Williams

---

[1] Defendant separately submits this Statement despite the good faith efforts by the parties to meet and confer in attempts to cooperate and prepare a Joint Case Management Statement. Unfortunately, at the time the parties met and conferred, counsel for Defendant has been away from the office in numerous consecutive depositions and/or field inspections with very limited or no access to email and therefore was unable to fully participate in the process to be able to make changes or provide the necessary input. Defendant and his counsel apologize to the court and to the parties for any inconvenience this may have caused.

1

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

Case No.: C-07-5445 WHA   DEFENDANT COUNTY OF LAKE'S CASE MANAGEMENT STATEMENT   00584490.WPD

1  (collectively "decedents") on December 7, 2005, by Shannon Edmonds in Clearlake,
2  California. As stated in the First Amended Complaint ("FAC"), Plaintiffs, parents and/or
3  guardians of decedents and as purported successors in interest, allege Defendants Edmonds
4  and Tyler were engaged in the sale/distribution of illegal drugs, for which the public entity
5  defendants, through their respective law enforcement departments, allegedly knew about and
6  allegedly allowed or protected. Following the deaths, Plaintiffs further allege drug evidence
7  was destroyed. Based thereon, Plaintiffs asserts claims in the FAC for violations of the
8  Fourth and Fourteenth Amendments pursuant to 42 U.S.C. Section 1983 and various state
9  law claims for wrongful death.

10  Defendants deny any and all liability.

**2.   The principal factual issues which the parties dispute:**

Defendant submits that the following factual issues are in dispute:

(1)   The circumstances regarding the participation, if any, of County of Lake agents or employees in the shooting deaths of decedents by Edmonds;

(2)   The circumstances following the shooting deaths of decedents.

**3.   The principal legal issues which the parties dispute:**

Based on the allegations and asserted claims in the First Amended Complaint, Defendant submits that the following legal issues are in dispute:

(1)   Whether Defendant violated the Fourth or Fourteenth Amendments in the shooting deaths of decedents by Edmonds;

(2)   Whether Defendant is entitled to immunity pursuant to federal and/or state law.

**4.   The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

Defendant has filed a Motion to Dismiss, the outcome of which will likely determine how this case proceeds.

**5.   The parties which have not been served and the reasons:**

Defendant is unaware of any parties not served.

2

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

Case No.: C-07-5445 WHA

**DEFENDANT COUNTY OF LAKE'S CASE MANAGEMENT STATEMENT**

00584490.WPD

**6.     The additional parties which the below-specified parties intend to join and the intended time frame for such a joinder:**

None at this time.

**7.     The following parties consent to assignment of this case to a United States Magistrate Judge:**

Defendant has declined to proceed before a Magistrate Judge.

## ALTERNATIVE DISPUTE RESOLUTION

**8.**     Defendant will be seeking relief from the automatic referral into the ADR Multi-Option Program, which was ordered on October 24, 2007 (Docket Entry No. 2), prior to the addition of Defendant as a named party in the First Amended Complaint on December 7, 2007, on the grounds that good cause exists for said relief.  Should the court not relieve the parties from participating in the ADR Multi-Option Program, Defendant selects ENE as an amenable ADR process.

## DISCLOSURES

**9.**     The parties have not made any disclosures at this time.  Disclosures may depend on the pendency of the motion to dismiss, as well as a potential protective order.

## DISCOVERY

**10.     Defendant proposes the following plan:**

Defendant respectfully submits that it is premature at this stage of the pleadings, given the public entity Defendants' respective Motions to Dismiss, to set forth a discovery plan as the outcome of the Motions to Dismiss will likely determine the scope and purpose of discovery. Defendants respectfully suggest the parties revisit this issue following the ruling on Defendants' Motions to Dismiss.

Otherwise, Defendants do not suggest or require modifications of F.R.Civ.P regarding discovery. F.R.Civ.P. 26(a) disclosures should be made within 30 days after the initial Case Management Conference.  Defendant may seek discovery from Plaintiff as to his allegations in the Complaint.

///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3

Case No.: C-07-5445 WHA    DEFENDANT COUNTY OF LAKE'S CASE MANAGEMENT STATEMENT    00584490.WPD

Expert witness should be disclosed no less than 90 days after the court rules on Defendant's anticipated Motion for Summary Judgment/Adjudication, and at least six months prior to trial. At this time, Defendant proposes deferring the establishment of a date for disclosure of expert witnesses until after the issue of the pendency of the motion to dismiss is resolved, because its outcome and whether leave to amend is granted will affect the timing of discovery and trial.

## TRIAL SCHEDULE AND FURTHER PROCEEDINGS

**11.    Defendant requests a continuance of the CMC; alternatively suggests a plan.**

In light of the public entity Defendants' respective Motions to Dismiss, Defendant would request deferral of the trial date and discovery plan, and request a further Case Management Conference be scheduled in approximately ninety (90) days.

Should the Court not continue the Case Management Conference nor defer setting the trial, Defendant requests the following schedule for further proceedings, which would account for anticipated Motion(s) for Summary Judgment/Adjudication:

| | |
|---|---|
| **Expert Witness Disclosure** | June 30, 2009 |
| **Rebuttal Expert Witness Disclosure** | July 14, 2009 |
| **Discovery Cut-off** | August 31, 2009 |
| **Last Day to File Dispositive Motions** | October 30, 2009 |
| **Final Pre-Trial Conference** | January 18, 2010 |
| **Trial** | February 15, 2010 |

Trial length is currently estimated at ten to twelve days.

Respectfully submitted,

Dated: May 22, 2008            PORTER SCOTT
                               A PROFESSIONAL CORPORATION

                               /s/ John R. Whitefleet
                               By _____
                               Terence J. Cassidy
                               John R. Whitefleet
                               Attorney for Defendant
                               COUNTY OF LAKE

4

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

Case No.: C-07-5445 WHA    DEFENDANT COUNTY OF LAKE'S CASE MANAGEMENT STATEMENT    00584490.WPD