1  STEPHEN F. O'NEILL, SBN 62317
   MARGARET S. FLYNN, SBN 130815
2  TARKINGTON, O'NEILL, BARRACK & CHONG
   A Professional Corporation
3  100 Stony Point Road, Suite 270
   Santa Rosa, CA 95401
4  Telephone:    (707) 576-1380
   Facsimile:    (707) 544-3144
5  Email: oneill@to2law.com
   Attorneys for Defendant
6  SHANNON EDMONDS

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10 SHERRILL FOSTER, HOWARD FOSTER,           Case No.  C-07-5445-EMC
   SHEILA BURTON, and MINNIE
11 BURTON,                                   **JOINT CASE MANAGEMENT
                                             CONFERENCE STATEMENT OF ALL
12              Plaintiffs                   PLAINTIFFS AND MOST
                                             DEFENDANTS**
13 v.
                                             [Jury Trial Demanded]
14 SHANNON EDMONDS, LORI TYLER,
   COUNTY OF LAKE, CITY OF                   Date:      May 29, 2008
15 CLEARLAKE, and DOES 1-100,                Time:      2:00 p.m.
                                             Honorable William H. Alsup
16              Defendants.
                                          /

17       Plaintiffs and Defendants Shannon Edmonds, Lori Tyler, and the City of Clearlake

18 hereby submit the following joint case management conference statement.  Counsel for

19 Defendant Lake County did in fact participate in the drafting of this statement, but was unable to

20 approve its terms and language before the filing deadline; thus, the County will file a separate

21 statement.

22

23

24

25 
   *Foster, etal., v. Edmonds, et al. (No. C-07-5445-WHA)*
   **JOINT CASE MANAGEMENT CONFERENCE
26 STATEMENT OF ALL PLAINTIFFS AND
   MOST DEFENDANTS**

///

**1.    Jurisdiction.**

Plaintiffs claim Federal Court jurisdiction arising out of Defendants' alleged violations of Plaintiffs' decedents' constitutional rights, making claims under 42 USC 1983.  The public entity Defendants have made motions challenging that jurisdiction on a variety of grounds, most import of which is that the private Defendants were not acting under color of state law when the acts alleged occurred.  The private Defendants Shannon Edmonds and Lori Tyler will make similar motions challenging Federal Court jurisdiction.  Public entity Defendants contend there is no jurisdiction over any state-based claims for failure to comply with the California Claims Act, Government Code sections 900 et. seq., as to the public entity Defendants.

**2.    Factual and Legal Claims**.

    **A.    Plaintiffs' View.**

Plaintiffs Sherrill Foster and Howard Foster are the parents of the decedent, Christian Foster.  Plaintiffs Sheila Burton and Minnie Burton are the mother and grandmother of the decedent, Rashad Williams, respectively.  Plaintiffs have all named the same Defendants.

On December 7, 2005, defendant Shannon Edmonds shot and killed Plaintiffs' decedents as they ran across the street from the house Edmonds owned and where he resided with defendant Lori Tyler in the City of Clearlake, County of Lake.  Plaintiffs claim the decedents may have been near Edmonds' residence to purchase marijuana and that a fight broke out (Christian Foster never entered Edmonds' house), during which Edmonds shot decedents in the back as they ran across the street, away from the house.  Plaintiffs claim that the public entity Defendants gave active assistance to Edmonds to further his crimes of drug dealing, and knowingly failed to prevent Edmonds from selling drugs before December 7, 2005.  Plaintiffs complain that the public entity Defendants had official customs and practices which allowed, condoned, promoted, and protected Edmonds, and that the deaths of the decedents were caused

by these policies, and by the failures of local law enforcement to move against Edmonds sooner, allowing him to engage in continued activity, and emboldening him to such an extent that the murders of Foster and Williams were foreseeable and likely to occur.

Plaintiffs claim that the public entity Defendants further violated the constitutional rights of decedents and Plaintiffs by failing fully to investigate the shootings, refusing to prosecute Edmonds for these two deaths, refusing to prosecute Edmonds for pre-event crimes and several, notable post-event crimes, and through the apparent destruction of evidence essential to certain of Plaintiffs' claims.  There appears to be racial bias in view of the protection of Edmonds, who is white, by law enforcement, and the vilification of both decedents and the prosecution of their alleged accomplice, Renato Hughes, all three of whom are black.

**B.    Defendants' View(s).**

The public entity Defendants deny all of the Plaintiffs' allegations.  They have made motions to dismiss Plaintiffs' complaint on the grounds that it does not state a claim for public entity violation of Plaintiffs' decedents' civil rights.  Defendants Edmonds and Tyler deny Plaintiffs' allegations as well.  They maintain that Edmonds, Tyler, and Tyler's two children were asleep at 4:00 a.m. when decedents and a third accomplice, Renato Hughes, and possibly one other person, smashed through the rear glass door of their home, and entered the home bearing two shotguns.  Defendants allege that the decedents and their accomplices then beat Tyler savagely with a shotgun, and beat her 14 year old son with an aluminum baseball bat to the extent where he is now irreversibly brain damaged.  Defendants claim that during this melee one of the decedents shouted "Where's the weed?", referring to Edmonds' medical marijuana which he kept for his own use.  Defendants maintain that during the melee in which the decedents were inflicting bodily injuries, Shannon Edmonds was able to retrieve a pistol from a locked gun safe.  During this time, Defendant Tyler was in the bathroom calling 911.  Defendants maintain that Edmonds then was able to fire a number of shots in the direction of the decedents, who began to

flee, and that several of these shots struck the decedents who succumbed to their injuries. Defendants Shannon Edmonds and Lori Tyler deny engaging in drug selling activities, or in any way colluding with the local law enforcement authorities in any fashion.

**3.    Issues.**

Whether Plaintiffs' battery cause of action is viable as against Defendant Tyler.

Whether the force used by Edmonds was excessive or unlawful?

Whether the private actor Defendants are liable to Plaintiffs under state law?

Whether any or all Defendants are liable to Plaintiffs under federal law?

Whether individual municipal Defendants are entitled to qualified immunity?

Whether Plaintiffs' federally guaranteed rights were violated by Defendants?

If Plaintiffs' federally guaranteed rights were violated by municipal Defendants, to what extent did Plaintiffs suffer damage?

Whether policies, customs, or practices of any municipal entity Defendants were the moving force behind the Plaintiffs' injuries?

Whether punitive damages are legally supported against the individual Defendants?

Whether Plaintiffs have standing to assert wrongful death claims?

Whether municipal Defendants' actions were privileged under state law?

Whether municipal entity Defendants adequately trained and supervised their employees?

**4.    Narrowing of the Issues**.

Pending by the municipal defendants are motions directed to the pleadings under Federal Rules of Civil Procedure, Rules 12(b)(6) and 12(e).

Municipal Defendants anticipate the issue of qualified immunity and perhaps other issues will need to be addressed by a motion for summary judgment prior to trial.

The individual Defendants Edmonds and Tyler will be filing motions to challenge the pleadings under FRCP Rules 12(b)(6) and 12(e). These will be made on the basis that Edmonds

*Foster, etal., v. Edmonds, et al. (No. C-07-5445-WHA)*
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT OF ALL PLAINTIFFS AND MOST DEFENDANTS**

-4-

and Tyler were not acting under color of state law when the events occurred.

**5.   Anticipated Motions.**

Plaintiffs do not anticipate any at this time, with the exception of pre-trial motions.

Municipal Defendants intend to file dispositive motions under Rule 56.

Defendants Edmonds and Tyler will be filing motions as indicated above.

**6.   Relief Sought.**

Plaintiffs seek damages as follows:

a.   Wrongful death of the two decedents;

b.   Hospital and medical expenses, in an amount to be tendered;

c.   Coroner's fees, funeral and burial expenses, of about $12,000-$13,000 for the Foster family, and about $40,000 for the Burtons;

d.   Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

e.   Loss of economic support as each plaintiff;

f.   Violation of constitutional rights;

g.   All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law; and,

h.   Decedents' conscious pain and suffering.

Plaintiffs also seek the return of, or compensation for, property seized from the two decedents and the Foster family car which the County refuses to return.

**7.   Anticipated Discovery.**

The parties do not agree on a discovery plan.  Their views are as follows:

a.   <u>Depositions</u>: Plaintiffs, in view of the large number of percipient witnesses at the scene, request that each party be allowed 15 depositions.

1    Defendants believe that the evidence adduced in the criminal case of *People v. Hughes*, now pending in Contra Costa Superior Court will be critical to the defense of the defendants. It is not known when that information will be available to defendants, given the fact that the case is set to be tried in June 2008.

Defendants submit it is premature at this stage of the pleadings, given the public entity Defendants' respective Motions to Dismiss, to set forth a discovery plan as the outcome of the Motions to Dismiss will likely determine the scope and purpose of discovery. Defendants respectfully suggest the parties revisit this issue following rulings on Defendants' Motions. Otherwise, Defendants do not suggest or require modifications of F.R.Civ.P regarding discovery.

b. <u>Written interrogatories</u>: The parties agree to be limited by the Federal Rules of Civil Procedure, Rule 33.

c. <u>Document requests</u>: Plaintiffs and Defendants agree that no party exceed 75 demands to any other party.

d. <u>Requests for Admissions</u>: The parties will utilize these requests to include a statement or opinion of fact or of the application of law to fact, including the genuineness of any document. The parties agree to be limited by the Federal Rules of Civil Procedure.

e. <u>Expert witnesses</u>:

(1)    Plaintiffs anticipate expert witnesses in the following areas: use of force/excessive force; police procedures/practices; pathologist; and, economist.

(2)    Defendants anticipate using experts in use of force/excessive force; pathology; ballistics; economic issues; and psychology.

Plaintiffs anticipate discovery problems in several areas: The files related to Edmonds maintained by the municipal defendants; investigations of Edmonds; financial arrangements between Edmonds and municipal employees; disciplinary, and related records of individuals employed by the municipal defendants.

*Foster, etal., v. Edmonds, et al. (No. C-07-5445-WHA)*
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT OF ALL PLAINTIFFS AND MOST DEFENDANTS**

-6-

**8.   ADR.**

Assuming municipal Defendants' motions to dismiss are not granted in their entirety, without leave to amend, Plaintiffs and municipal Defendants agree to undergo Early Neutral Evaluation.

Defendants Shannon Edmonds and Lori Tyler are financially destitute. Edward's home has been foreclosed. Shannon Edmonds is disabled and unemployed. He has no savings. ADR would probably therefore not be fruitful unless plaintiffs agree to dismiss their claims against Defendants Shannon Edmonds and Lori Tyler.

**9.   Jury Trial.**

Jury trial has been demanded by all parties.

Plaintiffs and several defendants anticipate a 12-day trial.

Defendants Tyler and Edmonds anticipate a trial lasting 30 days.

**10.   Related Cases.**

Case of *People v. Hughes*, pending in the Superior Court of California, County of Contra Costa, is related to this case and should be resolved before discovery and trial of this case begins.

**11.   Class Action Status.**

Not applicable.

**12.   Dates.**

After meeting and conferring, the parties cannot agree on a proposed trial date. Plaintiffs were amenable to trial in September 2009, but Defendant Clearlake would prefer an October 2009 trial date. Counsel for Lake County has indicated that he is not available in September; other, earlier dates were not suitable for various reasons and Plaintiffs oppose a later date.

**13.   Settlement Conference.**

Plaintiffs and the public entity Defendants agree to undergo a judicially supervised settlement conference after the pleadings are settled, initial disclosures, and depositions of the

*Foster, etal., v. Edmonds, et al. (No. C-07-5445-WHA)*
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT OF ALL PLAINTIFFS AND MOST DEFENDANTS**

-7-

plaintiffs, Edmonds, and Tyler. The settlement conference should occur after the release of the evidence in the matter of *People v. Hughes*. The private Defendants Edmonds and Tyler request an ADR phone conference.

Date: May 22, 2008                     CESARI, WERNER and MORIARTY

                                       By:         /s/ JOSE A. MONTALVO
                                       DENNIS F. MORIARTY
                                       JOSE A. MONTALVO
                                       ATTORNEYS FOR DEFENDANT LORI TYLER

Date: May 22, 2008                     LOW, BALL & LYNCH

                                       By:         /s/ MARK F. HAZELWOOD
                                       MARK F. HAZELWOOD
                                       DIRK D. LARSEN
                                       ATTORNEYS FOR DEFENDANT
                                       CITY OF CLEARLAKE

Date: May 22, 2008                     TARKINGTON, O'NEILL, BARRACK & CHONG

                                       By:         /s/ STEPHEN F. O'NEILL
                                       STEPHEN F. O'NEILL
                                       MARGARET S. FLYNN
                                       Attorneys for Defendant
                                       SHANNON EDMONDS

Date: May 22, 2008                     Law Office of Russell A. Robinson, APC

                                       By:         /s/ Russell A. Robinson
                                       Russell A. Robinson
                                       Counsel for Plaintiffs
                                       SHERRILL FOSTER, HOWARD FOSTER,
                                       SHEILA BURTON, and MINNIE BURTON

*Foster, etal., v. Edmonds, et al. (No. C-07-5445-WHA)*
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT OF ALL PLAINTIFFS AND MOST DEFENDANTS**

-8-