1  **PORTER | SCOTT**
   A PROFESSIONAL CORPORATION
2  Terence J. Cassidy, SBN 099180
   John R. Whitefleet, SBN 213301
3  350 University Avenue, Suite 200
   Sacramento, California 95825
4  (916) 929-1481
   (916) 927-3706 (facsimile)
5
   Attorneys for Defendant COUNTY OF LAKE
6
   Mark F. Hazelwood
7  Dirk Donald Larsen
   LOW, BALL & LYNCH
8  505 Montgomery Street, 7th Floor
   San Francisco, CA 94111-2584
9  (415) 981-6630

10 Attorneys for Defendant CITY OF CLEARLAKE

11

12            UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15 SHERRILL FOSTER, HOWARD FOSTER,          Case No.: C-07-5445 WHA
   SHEILA BURTON, and MINNIE BURTON,
16
          Plaintiff,                        **DEFENDANTS CITY OF
17                                          CLEARLAKE AND COUNTY OF
                                            LAKE'S JOINT MOTION FOR ENTRY
18 vs.                                      OF A FINAL JUDGMENT PURSUANT
                                            TO F.R.C.P. RULE 54(b);
19 SHANNON EDMONDS, LORI TYLER,             MEMORANDUM OF POINTS and
   COUNTY OF LAKE; CITY OF                  AUTHORITIES IN SUPPORT
20 CLEARLAKE, and DOES 1 through 100,       THEREOF**

21        Defendants
                                            DATE:   August 21, 2008
22                                          TIME:   8:00 a.m.
                                            CTRM:   9, 19th Floor
23 _____/

24        Defendants CITY OF CLEARLAKE and COUNTY OF LAKE (collectively

25 "Defendants") hereby move this Court for entry of a final judgment in their favor as to

26 Plaintiffs' SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE

27 BURTON (hereinafter collectively "Plaintiffs") claims pursuant to Fed.R.Civ.P. 54(b) and

28 submit the following Memorandum of Points and Authorities in Support Thereof.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1

**DEFENDANTS' JOINT MOTION FOR ENTRY OF A FINAL JUDGMENT; P&A'S SUPPORT**
Case No.: C-07-5445 WHA                                      00591835.WPD

# I.

# INTRODUCTION

On April 10, 2008, Defendants separately moved to dismiss all claims pursuant to F.R.Civ.P Rule 12(b)(6) for failure to state any cognizable claims against them. (Docket Entry Nos. 17 and 19). This Court granted the motions in their entirety on May 23, 2008. (Order dated May 23, 2008, attached as Exhibit A to Request for Judicial Notice ("RJN"); Docket Entry No. 48). In its Order, the Court allowed Plaintiffs fourteen days within which to move for leave to amend. (Id., p. 6:25-27). The court further stated, that "[f]ailing such a motion, judgment will be entered for the city and county." (Id., p. 7:1-2). Plaintiffs have failed to move for leave to amend within the time allowed, or at all. (RJN, ¶ 2). Defendants respectfully requests this Court to now direct the entry of a final judgment in favor of Defendant pursuant to Fed.R.Civ.P. 54(b).

# II.

# FINAL JUDGMENT SHOULD BE ENTERED IN FAVOR OF DEFENDANTS CITY OF CLEARLAKE AND COUNTY OF LAKE

Rule 54(b) provides, in relevant part, that "[w]hen more than one claim for relief is presented in an action, whether as a claim [or] counterclaim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In order to certify an order as a final judgment, a district court must first determine that it is dealing with a "final judgment" and then must determine there is "no just reason for delay." <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, 8 (1980).

"[I]ssuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances." <u>James v. Price Stern Sloan, Inc.</u>, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). There are only two requirements for entry of a partial final judgment. First, there must be an "ultimate disposition of an individual claim entered in the course of a multiple claims action." <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, 7 (1980). Second, there must be "no just reason for delay" in entering a final judgment on the claim. <u>Id</u>. at 8. In

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

2

DEFENDANTS' JOINT MOTION FOR ENTRY OF A FINAL JUDGMENT; P&A'S SUPPORT
Case No.: C-07-5445 WHA                                                              00591835.WPD

1  determining no just reason for delay, the court should consider "whether, upon any review
2  of the judgment entered under the rule, the appellate court will be required to address legal
3  or factual issues that are similar to those contained in the claims still pending before the trial
4  court." See Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.
5  1985); Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981) citing Morrison-Knudsen Co.,
6  Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). This is to avoid piecemeal appeals of the
7  same issues. See Gausvik v. Perez, 392 F.3d 1006, 1009 (9th Cir. 2004) citing Sears,
8  Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956).

9      Here, all of Plaintiffs' claims against Defendants, both public entities, have clearly
10 been disposed of by way of the Order dated May 23, 2008, and the failure of Plaintiffs to
11 seek leave to amend. (See RJN). Accordingly, this court has ruled in favor of the
12 Defendants, and decided "the merits and legitimacy of plaintiff's assertions" to be
13 insufficient. See e.g. Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 888 (9th Cir. 2003)
14 (the district court possess the authority to deny the relief if it did not intend the order to be
15 immediately appealable). Thus, while the claims against private parties Edmonds and Tyler
16 continue to move forward, all claims against Defendants CITY OF CLEARLAKE and
17 COUNTY OF LAKE have been dismissed.

18     In addition, no just reason exists to insist that Defendants remain in the action. In that
19 regard, the appellate court will not be required to address similar legal or factual issues on
20 appeal. First, only the public entity Defendants moved to dismiss at the early stage of the
21 pleadings. Defendants Edmonds and Tyler did not challenge the pleadings. Thus, any appeal
22 as to Defendants necessarily involve the sufficiency of the pleadings Equally important, the
23 bases for the claims against Defendants sounded in 42 U.S.C. Section 1983 for municipal
24 liability under Monell v. Department of Social Servs., 436 U.S. 658, 695 (1978), and state
25 law claims subject to California Claims Act. Cal. Gov. Code §§ 900 et seq. These claims
26 are unique to public entities. An appeal of these issues, if any, thus involve separate legal
27 theories and/or pleading requirements than as against the remaining Defendants Shannon and
28 Edmonds, private citizens. As to them, Plaintiffs' claims essentially sound in negligence and

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3

DEFENDANTS' JOINT MOTION FOR ENTRY OF A FINAL JUDGMENT; P&A'S SUPPORT
Case No.: C-07-5445 WHA                                                00591835.WPD

1  intentional tort not subject to the California Claims Act. Accordingly, there is no risk of
2  duplicate action and an appeals court will not find it necessary to resolve similar issues.
3  Therefore, no just reason exists to delay entry of judgment in favor of Defendants.
4      Lastly, entering final judgement in favor of Defendants will help to narrow the issues
5  and parties before this court. See e.g. <u>Sheehan v. Atlanta International Ins. Co.</u>, 812 F.2d
6  465, 468 (9th Cir. 1987). Defendants respectfully submit final judgment be entered in favor
7  of Defendants to promote the prompt and final resolution of the claims asserted against
8  Defendants CITY OF CLEARLAKE and COUNTY OF LAKE. Therefore, the motion for
9  entry of a final judgment should be granted.

## IV.

## CONCLUSION

Based on the foregoing, Defendants CITY OF CLEARLAKE and COUNTY OF LAKE respectfully request the Court find that because all claims of Plaintiffs against Defendants have been resolved, and there is no just reason for delay, to direct the entry of a final judgment pursuant to Fed.R.Civ.P. 54(b) as against Plaintiffs and in favor of Defendants CITY OF CLEARLAKE and COUNTY OF LAKE.

Respectfully submitted,

Dated: July 8, 2008

PORTER SCOTT
A PROFESSIONAL CORPORATION

/s/ JOHN R. WHITEFLEET
By _____
Terence J. Cassidy
John R. Whitefleet
Attorney for Defendant
COUNTY OF LAKE

Dated: July 8, 2008

Respectfully Submitted,

LOW, BALL & LYNCH

By _____
Mark F. Hazelwood
Dirk Donald Larsen
Attorneys for Defendant
CITY OF CLEARLAKE

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

4

DEFENDANTS' JOINT MOTION FOR ENTRY OF A FINAL JUDGMENT; P&A'S SUPPORT
Case No.: C-07-5445 WHA                                       00591835.WPD

1  intentional tort not subject to the California Claims Act. Accordingly, there is no risk of
2  duplicate action and an appeals court will not find it necessary to resolve similar issues.
3  Therefore, no just reason exists to delay entry of judgment in favor of Defendants.
4    Lastly, entering final judgement in favor of Defendants will help to narrow the issues
5  and parties before this court. See e.g. Sheehan v. Atlanta International Ins. Co., 812 F.2d
6  465, 468 (9th Cir. 1987). Defendants respectfully submit final judgment be entered in favor
7  of Defendants to promote the prompt and final resolution of the claims asserted against
8  Defendants CITY OF CLEARLAKE and COUNTY OF LAKE. Therefore, the motion for
9  entry of a final judgment should be granted.

## IV.
## CONCLUSION

Based on the foregoing, Defendants CITY OF CLEARLAKE and COUNTY OF LAKE respectfully request the Court find that because all claims of Plaintiffs against Defendants have been resolved, and there is no just reason for delay, to direct the entry of a final judgment pursuant to Fed.R.Civ.P. 54(b) as against Plaintiffs and in favor of Defendants CITY OF CLEARLAKE and COUNTY OF LAKE.

            Respectfully submitted,

Dated: July 8, 2008      PORTER SCOTT
             A PROFESSIONAL CORPORATION

             /s/ JOHN R. WHITEFLEET
            By _____
             Terence J. Cassidy
             John R. Whitefleet
             Attorney for Defendant
             COUNTY OF LAKE

Dated: July 8, 2008      Respectfully Submitted,

             LOW, BALL & LYNCH

             /s/ MARK F. HAZELWOOD
            By _____
             Mark F. Hazelwood
             Dirk Donald Larsen
             Attorneys for Defendant
             CITY OF CLEARLAKE