PORTER | SCOTT
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

Attorneys for Defendant COUNTY OF LAKE

Mark F. Hazelwood
Dirk Donald Larsen
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, CA 94111-2584
(415) 981-6630

Attorneys for Defendant CITY OF CLEARLAKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON,<br><br>Plaintiff,<br><br>vs.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE; CITY OF CLEARLAKE, and DOES 1 through 100,<br><br>Defendants<br>_____/ | Case No.: C-07-5445 WHA<br><br>**DEFENDANTS CITY OF CLEARLAKE AND COUNTY OF LAKE'S JOINT REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ENTRY OF A FINAL JUDGMENT PURSUANT TO F.R.C.P. RULE 54(b)**<br><br>DATE: August 21, 2008<br>TIME: 8:00 a.m.<br>CTRM: 9, 19th Floor |

///
///
///
///
///

1

DEFENDANTS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ENTRY OF A FINAL JUDGMENT

Case No.: C-07-5445 WHA

00595351.WPD

Defendants CITY OF CLEARLAKE and COUNTY OF LAKE hereby request the Court take judicial notice of the following facts and documents pursuant to Federal Rule of Evidence Rule 201:

1. Order dated May 23, 2008, Docket Entry No. 48, in the above-captioned case, granting Defendants CITY OF CLEARLAKE and COUNTY OF LAKE's respective Motions to Dismiss, allowing Plaintiffs fourteen days within which to move for leave to amend, stating that "[f]ailing such a motion, judgment will be entered for the city and county," attached hereto as Exhibit A;

2. Plaintiffs have failed to move for leave to amend within the time allowed, or at all.

Respectfully submitted,

Dated: July 8, 2008

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
Terence J. Cassidy
John R. Whitefleet
Attorney for Defendant
COUNTY OF LAKE

Dated: July 8, 2008

Respectfully Submitted,

LOW, BALL & LYNCH

By _____
Mark F. Hazelwood
Dirk Donald Larsen
Attorneys for Defendant
CITY OF CLEARLAKE

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

Defendants CITY OF CLEARLAKE and COUNTY OF LAKE hereby request the Court take judicial notice of the following facts and documents pursuant to Federal Rule of Evidence Rule 201:

1. Order dated May 23, 2008, Docket Entry No. 48, in the above-captioned case, granting Defendants CITY OF CLEARLAKE and COUNTY OF LAKE's respective Motions to Dismiss, allowing Plaintiffs fourteen days within which to move for leave to amend, stating that "[f]ailing such a motion, judgment will be entered for the city and county," attached hereto as Exhibit A;

2. Plaintiffs have failed to move for leave to amend within the time allowed, or at all.

Dated: July 8, 2008

Respectfully submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ John R. Whitefleet
Terence J. Cassidy
John R. Whitefleet
Attorney for Defendant
COUNTY OF LAKE

Dated: July 8, 2008

Respectfully Submitted,

LOW, BALL & LYNCH

By /s/ MARK F. HAZELWOOD
Mark F. Hazelwood
Dirk Donald Larsen
Attorneys for Defendant
CITY OF CLEARLAKE

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON<br><br>Plaintiffs,<br><br>v.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE, CITY OF CLEARLAKE, and DOES 1-100,<br><br>Defendants. | No. C 07-05445 WHA<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING |

## INTRODUCTION

In this civil-rights action, defendants County of Lake and City of Clearlake separately move to dismiss all plaintiffs' claim. Because plaintiffs have stated no cognizable federal claim, defendants' motions are **GRANTED**. The hearing on these motions are hereby **VACATED**.

## STATEMENT

On December 7, 2005, Rashad Williams ("Williams") and Christian Foster ("Foster") visited the home of defendant Shannon Edmonds (FAC ¶ 13). After an altercation between the parties, Williams and Foster fled the house and started running across the street (*id.* at ¶ 14). Edmonds, according to the complaint, then began firing a gun at Williams and Foster hitting and killing them both (*ibid.*).

Plaintiffs allege Edmonds was a known drug dealer and regularly solicited teenagers in the area to sell drugs on his behalf (*id.* at ¶ 14). The complaint further alleges that the County of Lake, City of Clearlake, and the Doe defendants conspired with Edmonds (a Caucasian) and were partly responsible for the deaths of Williams and Foster (both African American) by wrongfully allowing Edmonds to continue his unlawful drug ring (*id.* at ¶ 7). In particular, plaintiffs allege defendants: (1) "allow[ed] Edmonds and Tyler unlawfully to sell recreational drugs, to possess firearms, [and] to use minors in the unlawful sale of recreational drugs; (2) "failed to force [Edmonds and Tyler] to stop illegal activities;" (3) "protect[ed] Edmonds, a known drug dealer, and allow[ed] the racist Edmonds to continue his illegal activity;" and (4) "fail[ed] to investigate properly and evaluate deaths involving black men shot by a white person" (*id.* at ¶¶ 1, 15, 20, 32). Edmonds and Tyler were never prosecuted for the deaths of Williams and Foster. Notably, plaintiffs do not allege that Edmonds or Tyler were employed by the County or City.

Plaintiffs filed this action on October 24, 2007, alleging deprivation of civil rights under 42 U.S.C. 1983 and violations of various state-law claims against the city and county. Plaintiffs Sherrill Foster and Howard Foster bring their claims as the mother and father, respectively, and successors in interest for their son, decedent Foster and the Estate of Christian Dante Foster (*id.* at ¶ 3). Plaintiffs Sheila Burton and Minnie Burton bring their claims as the mother and grandmother, respectively, and successors in interest for decedent Williams (*ibid.*). The City and County now move to dismiss all claims against them for failure to state any cognizable claim.

## ANALYSIS

### 1. LEGAL STANDARD.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. The Supreme Court has recently explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

2

*Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (citations and alterations omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). In complaints that do not allege fraud, plaintiffs need only make "a short and plain statement of the claim," thus giving the defendant fair notice of the claim and of the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).

2. **STATE-LAW CLAIMS.**

In their opposition, plaintiffs concede that all of their state-law claims were not brought in compliance with the California Claims Act and should therefore be dismissed as to the County and City.

3. **SECTION 1983 CLAIM.**

"The terms of Section 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted 'under color of law.'" *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). A private individual or entity may be considered a state actor where the "state has exercised such coercive power or has provided such significant encouragement, either overt or covert, that the choice must be that of the State." *American Mfrs. Mut. Ins. Co. V. Sullivan*, 526 U.S. 40, 52 (1999).

Municipalities and local governments can be sued directly for violations of constitutional rights under Section 1983 where government officials were acting pursuant to an official policy or recognized custom. *Monell v. Dept. of Social Serv. of New York*, 436 U.S. 658, 690 (1978). The plaintiff must identify the policy or custom which caused the violation. "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the conduct alleged. That is, a plaintiff must show that the municipal

3

action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

Plaintiffs essentially base their Section 1983 claim on the allegation that the City and County knew about Edmond's illegal conduct and chose do nothing about it. This inaction, plaintiffs allege, somehow enabled Edmonds to shoot Foster and Williams. Plaintiffs' oblique theory, however, is not pled sufficiently to sustain any Section 1983 claim. Plaintiffs primarily rely on *Fries v. Barnes*, 618 F.2d 988 (2nd Cir. 1980), where the plaintiff alleged that a private physician turned over surgically removed shotgun fragments from plaintiff's thigh and other personal effects of plaintiff's to the police at the behest of a police officer. In holding that the plaintiff had sufficiently pled a Section 1983 claim, the court, *quoting United States v. Mekjian*, 505 F.2d 1320, 1327 (5th Cir. 1975), stated:

> Accordingly, where federal officials actively participate in a search being conducted by private parties or else stand by watching with approval as the search continues, federal authorities are clearly implicated in the search and it must comport with fourth amendment requirements.

The Ninth Circuit has applied this same principle. *See Howerton v. Gabica*, 708 F.2d 380 (9th Cir. 1983).

Here, unlike *Fries*, plaintiffs have not alleged that city or county officials directed Edmonds to confront Williams and Foster or that they stood back and watched the incident with approval. In fact, plaintiffs have not even alleged that the county or city knew that Williams and Foster were going to visit Edmonds at his home. In *Martinez v. State of California*, 444 U.S. 277 (1980), the complaint alleged that the state negligently released a convicted rapist after serving five years even though he was sentenced to a term of one to twenty years, with a recommendation that he not be paroled. Five months after his release the parolee tortured and killed the plaintiffs' decedent. Plaintiffs brought a Section 1983 claim alleging that by negligently releasing the parolee, the state had deprived the plaintiffs' decedent of her life without due process of law. The Supreme Court in *Martinez*, 444 U.S. at 285, found that the plaintiffs had failed to state a Section 1983 claim, holding:

4

> Although the decision to release Thomas from prison was action by the State, the action of [parolee] five months later cannot be fairly characterized as state action. Regardless of whether, as a matter of state tort law, the parole board could be said either to have had a 'duty' to avoid harm to his victim or to have proximately caused her death, we hold that, taking these particular allegations as true, appellees did not 'deprive; appellants' decedent of life within the meaning of the Fourteenth Amendment. Her life was taken by the parolee five months after his release. He was in no sense an agent of the parole board. Further, the parole board was not aware that appellants' decedent, as distinguished from the public at large, faced any special danger. . . . [W]e do hold that at least under the particular circumstances of this parole decision, appellants decedent's death is too remote a consequence of the parole officers' action to hold them responsible under the federal civil rights law. Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute.

Similarly, the current allegations in the complaint are far too remote to attribute the deaths of Williams and Foster to the actions of the city and county. There is no allegation that Edmonds was in any way acting as an agent of the city or county or that the city or county implemented any policy that contributed even in part to the shootings. Plaintiffs' conclusory allegations are not enough.

Although not alleged in the complaint, in their opposition brief plaintiffs rely on a new theory to support their Section 1983 claim: that the county and city's actions deprived plaintiffs of their right to meaningful access the court system. To properly plead a claim for denial of meaningful access to the court system a plaintiff must show the existence of an underlying claim, whether anticipated or lost. The access claim "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the officials acts frustrating the litigation." *Id.*

In *Delew v. Wagner*, 143 F.3d 1219, 1222–23 (9th Cir. 1998), the Ninth Circuit reversed the district court's decision to dismiss the plaintiffs' access-to-courts claim. The plaintiffs there alleged that the Las Vegas Metropolitan Police Department and the Nevada Highway Patrol

5

conspired to cover up the negligent killing of their decedent, Erin Delew, by Janet Wagner, who was married to a police officer in the LVMPD. The Ninth Circuit held:

> The Delews have indeed alleged a constitutional violation, namely, that the defendants violated the Delews' right of meaningful access to the courts by covering up the true facts surrounding Erin Rae Delew's death. The Supreme Court held long ago that the right of access to the courts is a fundamental right protected by the Constitution. More recently, the Sixth Circuit held that the Constitution guarantees plaintiffs the right of meaningful access to the courts, the denial of which is established where a party engages in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective. Applying the Sixth Circuit's reasoning . . . to the Delews' case, we believe the Delews' complaint alleges a cognizable claim under section. To prevail on their claim, the Delews must demonstrate that the defendants' cover-up violated their right of access to the courts by rendering any available state court remedy ineffective. . . . The district court additionally erred by holding that the Delews' conspiracy cover-up claim failed to state a claim for relief. In support of their conspiracy claim, the Delews allege that Janet Kathleen Wagner left the accident scene during the investigation and that the LVMPD and NHP officers permitted Wagner to do so. Construing these facts in a light most favorable to the Delews, it is reasonable to infer an understanding between Wagner and the officers to cover-up the true facts of Erin Rae Delew's death and thereby deprive the Delews of their right of access to the courts.

The complaint does not allege facts that could sustain a Section 1983 claim based on a denial of meaningful access to the court system. Among other things, the complaint does not describe what underlying action was frustrated by the city or county and it does not specifically comport with the remaining requirements discussed above to properly plead a denial-of-access claim. If this is to be re-pled, it must be done with adequate specificity as to all elements of a *Delew* claim.

## CONCLUSION

For the reasons stated above, all claims against defendants County of Lake and City of Clearlake are **DISMISSED**. Plaintiffs may move within fourteen calendar days for leave to amend. Any such motion should be accompanied by a proposed pleading and the motion should explain why the foregoing problems are overcome by the proposed pleading. Plaintiffs

must plead their best case. Failing such a motion, judgment will be entered for the city and county.

**IT IS SO ORDERED.**

Dated: May 23, 2008.

/s/ Wm Alsup
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE