STEPHEN F. O'NEILL, SBN 62317 oneill@to2law.com
MARGARET S. FLYNN, SBN 130815 flynn@to2law.com
NORMAN L. CHONG, SBN 111439 nchong@to2law.com
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
100 Stony Point Road, Suite 270
Santa Rosa, CA 95401
Telephone:    (707) 576-1380
Facsimile:    (707) 544-3144

Attorneys for Defendant
SHANNON EDMONDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE, CITY OF CLEARLAKE, and DOES 1 through 100,<br><br>Defendants.<br>_____/ | Case No.    C-07-5445-WHA<br><br>**DEFENDANT SHANNON EDMONDS' NOTICE OF MOTIONS AND MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>F.R.C.P., Rule 12(c); 28 USC §1367(c)(3)<br><br>Hearing Date:    September 18, 2008<br>Hearing Time:    8:00 a.m.<br>Courtroom:        9, 19th Floor<br><br>The Honorable William Alsup, presiding |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on September 18, 2008, at 8:00 a.m., or as soon thereafter as the matter may be heard, defendant Shannon Edmonds will move the above entitled Court for judgment on the pleadings as to the First and Second Counts of plaintiffs' First Amended Complaint for Damages and for Injunctive Relief and, if granted, to dismiss the remaining counts for lack of subject matter jurisdiction. This motion is made on the grounds that the First and Second Counts of the First Amended Complaint fail to state any cognizable federal claim against defendant Edmonds under 42 USC § 1983 and, absent any such cognizable claim, there is no basis for pendent jurisdiction over plaintiffs' remaining state law claims. This motion is based upon this Notice of Motions and Motions for Judgment on the Pleadings and to Dismiss; Memorandum of Points and Authorities; and the pleadings,

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.wpd                    - 1 -                    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' MOTION FOR JUDGMENT ON THE PLEADINGS

records and files in this case.

DATED: August 8, 2008

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By      /S/
    Stephen F. O'Neill, Esq.
    Attorneys for Defendant
    SHANNON EDMONDS

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs invoke Federal jurisdiction in this action by including inadequately plead claims for violation of their rights under 42 U.S.C. §1983 by private individuals who were not acting under color of law. On May 23, 2008, this court granted the Rule 12(b)(6) motions of the public entity defendants and, following plaintiffs' failure to amend their complaint as to those entities, entered on July 11, 2008, an order granting final judgment as to the public entity defendants in this action. Defendant Shannon Edmonds now moves for judgment on the pleadings under FRCP, Rule 12(c) on the grounds that plaintiffs have failed to properly allege that defendant acted under color of law as required to state a claim under 42 U.S.C. §1983 and, absent such claims, this Court has discretion to dismiss plaintiffs' pendent state law claims under 28 U.S.C. §1367(c)(3).

### I. SUMMARY OF RELEVANT FACTS

The gravamen of plaintiffs' 42 U.S.C. §1983 claims are: Count 1: that plaintiffs' decedents were killed by Edmonds in an allegedly racially motivated incident; and, Count 2: that local law enforcement personnel tolerated the drug dealing activity by Edmonds and did not prosecute him after the incident.

As relevant to this motion, the <u>facts</u> plead by plaintiffs in the First Amended Complaint allege the following acts and/or actions by Defendants Edmonds and Tyler:

1. When plaintiffs' decedents came to defendants Edmonds' and Tyler's residence on December 7, 2005, a fight broke out and decedents allegedly fled the scene. [Plaintiffs' First Amended Complaint (hereinafter, "FAC"), ¶¶13-14.]

2. As decedents were fleeing, defendant Edmonds allegedly shot and killed them. [FAC ¶¶13-14.]

Law Offices
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

3. Defendants Edmonds and Tyler had not previously taken steps to prevent persons from attempting to steal marijuana or drugs from their home despite previous attempted robberies. [FAC ¶15.]

Perhaps more important than the facts plaintiffs' actually allege, are the facts they fail to allege:

1. Plaintiffs do not allege that either defendant Edmonds or Tyler was employed by any public entity or was acting in the course and scope of any such employment or agency at the time of the incident.

2. Plaintiffs do not allege that either defendant Edmonds or Tyler was acting on behalf of any public entity at the time of the incident.

3. Plaintiffs do not allege that either defendant Edmonds or Tyler was effecting any law, statute, or public policy or custom at the time of the incident.

4. Plaintiffs do not adequately allege that either defendant Edmonds or Tyler was acting in concert or as part of a conspiracy with any public entity in the shooting.

Rather, it is clear from the allegations of the First Amended Complaint that this incident was the result of a private dispute between and among private persons which neither involved nor was intended to involve any public entity or purpose. These allegations are insufficient to state a claim for relief against defendant Edmonds under 42 U.S.C. §1983 and defendant is entitled to judgment in his favor on the first and second counts of the First Amended Complaint and this court should exercise its discretion to dismiss the remaining pendant claims for lack of jurisdiction.

## II.  LEGAL AUTHORITY AND ARGUMENT

This court has already entered judgment in favor of both public entities allegedly involved in the death of plaintiffs' decedents following plaintiffs' failure to amend their First Amended Complaint to allege sufficient facts to support their claim that the deaths resulted from alleged state action. Said requirement also applies to their claims against the individual, private defendants, Edmonds and Tyler. Further, should this court enter judgment in favor of defendant Edmonds on the sole, Federal question claims in this litigation, defendant Edmonds respectfully requests this court to dismiss the pendent state law claims for lack of subject matter jurisdiction..

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.wpd                    - 3 -                    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Plaintiffs Do Not Allege Facts Sufficient to Support Their Claim that Defendant Edmonds Acted Under Color of Law in Derogation of Their Rights and Defendant Is Entitled to Judgment in His Favor on Said Counts

As set forth in ***Adickes v. S. H. Kress & Co., 398 U.S 144, 150 (1970)***:

> "The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law."

Defendant Edmonds contends that plaintiffs have not and cannot truthfully plead sufficient facts to satisfy the second element of this test, that is, that defendant acted under color of law.

Further, to state their claims against a private individual such as defendant Edmonds, the "color of law" element requires that plaintiffs properly allege both that defendant acted pursuant to some known law, statute or custom, and that his actions are properly attributable to a public entity. ***Flagg Bros., Inc. v. Brooks***, 436 U.S. 149, 156 (1978). Plaintiffs' 42 USC §1983 claims in the First Amended Complaint fail to meet either of these requirements.

First plaintiffs' First Amended Complaint fails to properly allege sufficient facts to support any inference that decedents were killed pursuant to any law, statute or local ordinance or that defendant Edmonds had knowledge of such law, statute or ordinance at the time of the act. Clearly, there is no law, statute or ordinance providing for the shooting of plaintiffs' decedents under the circumstances alleged in the First Amended Complaint and none is alleged. Just as clearly, defendant Edmonds could not have been acting with knowledge of any such non-existent law in allegedly shooting plaintiffs' decedents. Defendant Edmonds is entitled to judgment on the pleadings in his favor and against plaintiffs on the claims under 42 USC §1983. ***Flagg Bros., Inc. v. Brooks***, 436 U.S. 149, 156 (1978); ***Adickes v. S. H. Kress & Co.***, 298 U.S. 144, the Supreme Court.

Even assuming that plaintiffs have adequately alleged that defendant Edmonds acted pursuant to a known law, the First Amended Complaint does not properly allege facts sufficient to permit the attribution of defendant Edmonds' alleged conduct to any public entity. ***Flagg Bros., Inc. v. Brooks***, 436 U.S. 149, 156 (1978). Plaintiffs do not allege that any public entity, agent or employee was present at the scene or involved in the circumstances leading up to the shooting nor do they allege any other

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.wpd    - 4 -    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' MOTION FOR JUDGMENT ON THE PLEADINGS

1  facts sufficient to attribute the conduct of defendants Edmonds or Tyler to any state actor. Further, even
2  given the opportunity to amend the First Amended Complaint to allege sufficient facts to implicate
3  either the City of Clearlake or the County of Lake in the deaths, plaintiffs failed to do so.

4      Plaintiffs' First Amended Complaint fails to allege facts sufficient to state a cause of action
5  under 42 U.S.C. §1983 and defendant Shannon Edmonds is entitled to judgment on the pleadings as to
6  the First and Second Counts of plaintiffs' First Amended Complaint.

    **B.    This Court Should Exercise Its Discretion to Dismiss the Pendent State Law Claims for Lack of Subject Matter Jurisdiction Following Entry of Judgment on the Federal Question Claims in Favor of Defendant Edmonds**

10      Plaintiffs invoked the jurisdiction of this court pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and
11  (4) based upon their claims under 42 U.S.C. §1983.  In addition to these Federal question counts,
12  plaintiffs purported to allege additional state law claims for negligence (count 3), battery (count 4), and
13  for California Civil Code violations (count 5). Based upon the allegations of the original complaint,
14  plaintiffs evidently invoked the jurisdiction of this court over their additional claims based on
15  supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

16      However, should this court enter judgment on plaintiffs' 42 U.S.C. §1983 claims, the Court has
17  broad discretion to dismiss the remaining state law claims pursuant to 28 U.S.C. §1367(c)(3). ***Foster***
18  ***v. Wilson***, 504 F.3d 1036 (9th Cir. 2007). Section 1367(c)(3) provides, in pertinent part:

> "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - ...
>
> "(3) the district court has dismissed all claims over which it has original jurisdiction... ."

22      Dismissal of plaintiffs' state law claims following entry of judgment on the pleadings on the
23  federal question counts will not result in any substantial prejudice to plaintiffs and will not produce any
24  waste of judicial resources and/or economy. This case remains in its early stages and no actual
25  discovery has occurred. The parties have been awaiting the conclusion of the related state criminal
26  prosecution of plaintiffs' decedents' alleged co-conspirator on charges arising form the home invasion
27  robbery which instigated this incident. No depositions have been taken and no written discovery has
28

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.wpd      - 5 -      Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' MOTION FOR JUDGMENT ON THE PLEADINGS

been propounded by any party[1].

In addition, plaintiffs can obtain a full and fair trial on the merits of their state law claims in state court. The remaining claims raise only issues of state law which, though involving very substantial factual disputes, do not implicate any significant federal laws. In fact, plaintiffs' Fifth count specifically seeks recovery under California statutory law. Clearly, California state law would predominate over any Federal issues on plaintiffs' remaining claims. Similarly, this case does not present any unusual circumstances or factors which would necessitate or support Federal jurisdiction. A California state court with proper jurisdiction over plaintiffs' remaining state law claims can and would fairly and economically resolve these claims.

Should this court grant defendant Shannon Edmonds' motion for judgment on the pleadings as to plaintiffs' federal question claims, there is no compelling basis for retaining this matter in Federal Court. Defendant Edmonds respectfully requests this court to dismiss plaintiffs' state court claims, without prejudice pursuant to 42 U.S.C. §1367(c)(3).

## **CONCLUSION**.

In summation, plaintiffs' First Amended Complaint fails to contain sufficient facts to state a claim against defendant Edmonds under 42 U.S.C. §1983 because there are no substantial facts or allegations that he was acting "under color of law" at the time of the alleged incident. Upon granting judgment as to the federal question claims, there would be no compelling basis for this court to retain jurisdiction over the purely state law claims and defendant Edmonds would respectfully request this court to dismiss said claims without prejudice.

DATED: August 8, 2008

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By ___/S/_____
Stephen F. O'Neill
Attorneys for Defendant
Shannon Edmonds

---

[1] Pursuant to this court's order, the parties exchanged initial Rule 26(a) disclosures.

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.wpd    - 6 -    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' MOTION FOR JUDGMENT ON THE PLEADINGS