1  DENNIS F. MORIARTY (STATE BAR NO. 37612)
   JOSE A. MONTALVO (STATE BAR NO. 184484)
2  CESARI, WERNER and MORIARTY
   360 Post Street, Fifth Floor
3  San Francisco CA 94108-4908
   Telephone: 415-391-1113
4  Facsimile: 415-391-4626
   5110-3-13
5  Attorneys for Defendant
   LORI TYLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHIELA BURTON and MINNIE BURTON, <br><br>Plaintiffs,<br><br>vs.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE, CITY OF CLEARLAKE, and DOES 1-100.<br><br>Defendants. | No. C-07-5445-WHA<br><br>**DEFENDANT LORI TYLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>F.R.C.P., Rule 12(c); 28 USC §1367(c)(3)<br><br>Date: September 18, 2008<br>Time: 8 a.m.<br>Courtroom: 9, 19th Floor<br><br>Judge William H. Alsup |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on **September 18, 2008 at 8:00 a.m.**, or as soon thereafter as the matter may be heard, Defendant Lori Tyler will move the court for judgment on the pleadings as to the Counts One and Two of Plaintiffs' First Amended Complaint for

-1-

1  Damages and for Injunctive Relief and, if granted, to dismiss Counts Three, Four, and Five of

2  Plaintiffs' First Amended Complaint for Damages and for Injunctive Relief for lack of subject

3  matter jurisdiction.

   This motion is made on the grounds that the First and Second Counts of plaintiffs' First Amended Complaint fails to state any cognizable federal claim against Defendant Tyler under 42 U.S.C. § 1983 and, absent any such cognizable claim, there is no basis for pendent jurisdiction over plaintiffs' remaining state law claims. This motion is also based upon this Notice of Motion and Motion for Judgment on the Pleadings and to Dismiss; Memorandum of Points and Authorities; and the pleadings, records and files in this case.

CESARI, WERNER and MORIARTY

August 12, 2008

By: _____
DENNIS F. MORIARTY
JOSE A. MONTALVO
ATTORNEYS FOR DEFENDANT LORI TYLER

//
//
//
//
//
//
//
//
//
//
//

-2-

DEFENDANT LORI TYLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Case 3:07-cv-05445-WHA     Document 59     Filed 08/14/2008     Page 2 of 9

Case 3:07-cv-05445-WHA     Document 59     Filed 08/14/2008     Page 2 of 9

Damages and for Injunctive Relief and, if granted, to dismiss Counts Three, Four, and Five of Plaintiffs' First Amended Complaint for Damages and for Injunctive Relief for lack of subject matter jurisdiction.

This motion is made on the grounds that the First and Second Counts of plaintiffs' First Amended Complaint fails to state any cognizable federal claim against Defendant Tyler under 42 U.S.C. § 1983 and, absent any such cognizable claim, there is no basis for pendent jurisdiction over plaintiffs' remaining state law claims. This motion is also based upon this Notice of Motion and Motion for Judgment on the Pleadings and to Dismiss; Memorandum of Points and Authorities; and the pleadings, records and files in this case.

CESARI, WERNER and MORIARTY

August 12, 2008

By: _____
DENNIS F. MORIARTY
JOSE A. MONTALVO
ATTORNEYS FOR DEFENDANT LORI TYLER

//
//
//
//
//
//
//
//
//
//
//

-2-

DEFENDANT LORI TYLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

## I. MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs invoke Federal jurisdiction in this action by including inadequately plead claims for violation of their rights under 42 U.S.C. §1983 by private individuals who were not acting under color of law. On May 23, 2008, this court granted the Rule 12(b)(6) motions of the public entity defendants COUNTY OF LAKE and CITY OF CLEARLAKE (hereinafter "public entity defendants") and, following plaintiffs' failure to amend their complaint as to those entities, entered on July 11, 2008, an order granting final judgment as to the public entity defendants in this action.

Defendant Lori Tyler now moves for judgment on the pleadings under FRCP, Rule 12(c) on the grounds that plaintiffs have failed to properly allege that defendant acted under color of law as required to state a claim under 42 U.S.C. §1983 and, absent such claims, this court has discretion to dismiss plaintiffs' pendent state law claims under 28 U.S.C. §1367(c)(3).

## II. SUMMARY OF RELEVANT FACTS

The gravamen of plaintiffs' 42 U.S.C. §1983 claims are: Count 1: that plaintiffs' decedents were killed by, among others, Defendants Tyler and/or Edmonds in an allegedly racially motivated incident; and, Count 2: that local law enforcement personnel tolerated the drug dealing activity by Defendants Tyler and/or Edmonds and did not prosecute these defendants after the incident.

As relevant to this motion, the <u>facts</u> plead by plaintiffs in the First Amended Complaint allege the following acts and/or actions by Defendants Edmonds and Tyler:

-3-

DEFENDANT LORI TYLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

1. When plaintiffs' decedents came to defendants Edmonds' and Tyler's residence on December 7, 2005, a fight broke out and decedents allegedly fled the scene. [Plaintiffs' First Amended Complaint (hereinafter "FAC"), ¶¶13-14.]

2. As decedents were fleeing, Defendant Edmonds allegedly shot and killed them. [FAC ¶¶ 13-14.]

3. Defendants Edmonds and Tyler had not previously taken steps to prevent persons from attempting to steal marijuana or drugs from their home despite previous attempted robberies. [FAC ¶ 15.]

More important than the facts plaintiffs actually allege, are the facts they fail to allege:

1. Plaintiffs <u>do not</u> allege that either Defendant Edmonds or Tyler was employed by any public entity or was acting in the course and scope of any such employment or agency at the time of the incident.

2. Plaintiffs <u>do not</u> allege that either Defendant Edmonds or Tyler was acting on behalf of any public entity at the time of the incident.

3. Plaintiffs <u>do not</u> allege that either Defendant Edmonds or Tyler was effecting any law, statute, or public policy or custom at the time of the incident.

4. Plaintiffs <u>do not</u> adequately allege that either defendant Edmonds or Tyler was acting in concert or as part of a conspiracy with any public entity in the shooting.

It is clear from the allegations of Plaintiffs' First Amended Complaint that this incident was the result of a private dispute between and among private persons which neither involved nor was intended to involve any public entity or purpose. Plaintiffs' allegations are insufficient to state a claim for relief against Defendant Tyler under 42 U.S.C. § 1983 and Defendant is entitled to judgment in her favor on the First and Second Counts of Plaintiffs' First Amended Complaint and this court should exercise its discretion to dismiss the remaining pendant claims for lack of jurisdiction.

-4-

### III. LEGAL AUTHORITY AND ARGUMENT

This court has already entered judgment in favor of both public entities allegedly involved in the death of Plaintiffs decedents following Plaintiffs failure to amend their First Amended Complaint to allege sufficient facts to support Plaintiffs' claim that the deaths of the Plaintiffs decedents resulted from alleged state action. Said requirement also applies to Plaintiffs' claims against the individual, private defendants, Edmonds and Tyler. Should this court enter judgment in favor of Defendant Tyler on the sole Federal question claims in this litigation, Defendant Tyler respectfully requests this court to dismiss the pendent state law claims (i.e. Counts Three, Four and Five of Plaintiffs' First Amended Complaint) for lack of subject matter jurisdiction..

#### A. PLAINTIFFS DO NOT ALLEGE FACTS SUFFICIENT TO SUPPORT THEIR CLAIM THAT DEFENDANT TYLER ACTED UNDER COLOR OF LAW IN DEROGATION OF THEIR RIGHTS AND THIS DEFENDANT IS ENTITLED TO JUDGMENT IN HER FAVOR ON SAID COUNTS

As set forth in *Adickes v. S. H. Kress & Co., 398 U.S 144, 150 (1970)*:

> "The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law.""

Defendant Tyler contends that Plaintiffs have not and cannot truthfully plead sufficient facts to satisfy the second element of this test, that is, that defendant *acted under color of law*.

Further, to state Plaintiffs' claims against a private individual such as defendant Tyler, the "color of law" element requires that plaintiffs properly allege both that Defendant acted pursuant to some known law, statute or custom, and that her actions are properly attributable to a public entity. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Plaintiffs 42 USC § 1983 claims in the First Amended Complaint fail to meet either of these requirements.

-5-
DEFENDANT LORI TYLER'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' First Amended Complaint fails to properly allege sufficient facts to support any inference that decedents were killed pursuant to any law, statute or local ordinance or that Defendant Tyler had knowledge of such law, statute or ordinance at the time of the act. Clearly, there is no law, statute or ordinance providing for the shooting of plaintiffs decedents under the circumstances alleged in the First Amended Complaint and none is alleged. Just as clearly, Defendant Tyler could not have been acting with knowledge of any such non-existent law in the shooting of plaintiffs' decedents. Further, Plaintiffs do not allege, and rightly so, that Defendant Tyler shot at the Plaintiffs decedents, thus, she is entitled to judgment on the pleadings in her favor and against plaintiffs on the claims under 42 USC § 1983. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Adickes v. S. H. Kress & Co.*, 298 U.S. 144, the Supreme Court.

Even assuming that plaintiffs have adequately alleged that Defendant Tyler acted pursuant to a known law, the First Amended Complaint does not properly allege facts sufficient to permit the attribution of Defendant Tyler's alleged conduct to any public entity. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Plaintiffs do not allege that any public entity, agent or employee was present at the scene or involved in the circumstances leading up to the shooting nor do Plaintiffs allege any other facts sufficient to attribute the conduct of Defendants Edmonds or Tyler to any state actor. Further, even when Plaintiffs were given the opportunity to amend the First Amended Complaint to allege sufficient facts to implicate either the City of Clearlake or the County of Lake in the deaths, Plaintiffs failed to do so. Defendant Tyler refers this Court to the public entity defendants' FRCP, Rule 12(b) motions to dismiss.

Plaintiffs' First Amended Complaint fails to allege facts sufficient to state a cause of action under 42 U.S.C. § 1983 and Defendant Lori Tyler is entitled to judgment on the pleadings as to the First and Second Counts of Plaintiffs' First Amended Complaint.

**B. THIS COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THE PENDENT STATE LAW CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION FOLLOWING ENTRY OF JUDGMENT ON THE FEDERAL QUESTION CLAIMS IN FAVOR OF DEFENDANT LORI TYLER**

Plaintiffs invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and (4) based upon their claims under 42 U.S.C. § 1983. In addition to these Federal question counts, Plaintiffs allege additional state law claims for negligence (count 3), battery (count 4), and for California Civil Code violations (count 5). Based upon the allegations of the original complaint, Plaintiffs evidently invoked the jurisdiction of this court over their additional claims based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

If this court enters judgment on plaintiffs 42 U.S.C. § 1983 claims in favor of Defendants Edmonds and Tyler, the Court has broad discretion to dismiss the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *Foster v. Wilson*, 504 F.3d 1036 (9th Cir. 2007). Section 1367(c)(3) provides, in pertinent part:

> " (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - ...
>
> (3) the district court has dismissed all claims over which it has original jurisdiction... ."

Dismissal of Plaintiffs' state law claims following entry of judgment on the pleadings on the federal question counts will not result in any substantial prejudice to plaintiffs and will not produce any waste of judicial resources and/or economy. This case remains in its early stages and no actual discovery has occurred. The parties have been awaiting the conclusion of the related state criminal prosecution of Plaintiffs decedents alleged co-conspirator on charges arising form the home invasion robbery which instigated this incident. No depositions have been taken and no written discovery has been propounded by any party[1].

---

[1] Pursuant to this court's order, the parties exchanged initial Rule 26(a) disclosures.

-7-

In addition, Plaintiffs can obtain a full and fair trial on the merits of their state law claims in state court. The remaining claims raise only issues of state law which, though involving very substantial factual disputes, do not implicate any federal laws. In fact, Plaintiffs' Fifth count specifically seeks recovery under California statutory law. Clearly, California state law would predominate over any federal issues, if any exist, on plaintiffs' remaining claims. Similarly, this case does not present any unusual circumstances or factors which would necessitate or support federal jurisdiction. A California state court with proper jurisdiction over Plaintiffs remaining state law claims can and would fairly and economically resolve these claims.

Should this court grant Defendant Lori Tyler's motion for judgment on the pleadings as to Plaintiffs' federal question claims, there is no compelling basis for retaining this matter in federal court. Defendant Lori Tyler respectfully requests that this court dismiss Plaintiffs' state law claims pursuant to 42 U.S.C. §1367(c)(3).

IV. **CONCLUSION**.

Wherefore, Plaintiffs' First Amended Complaint fails to contain sufficient facts to state a claim against Defendant Edmonds under 42 U.S.C. § 1983 because there are no substantial facts or allegations that she was acting "under color of law" at the time of the alleged incident. Upon granting judgment as to the federal question claims, there would be no compelling basis for this court to retain jurisdiction over the purely state law claims and Defendant Tyler would respectfully request this court dismiss said claims.

August 12, 2008

CESARI, WERNER and MORIARTY

By: _____
DENNIS F. MORIARTY
JOSE A. MONTALVO
ATTORNEYS FOR DEFENDANT LORI TYLER

-8-

Case 3:07-cv-05445-WHA    Document 59    Filed 08/14/2008    Page 9 of 9

USDC No. Dist of Calif. No. C-07-5445-EMC    Certificate Of Service

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 360 Post Street, Fifth Floor, San Francisco CA 94108. On August 14, 2008, I served the within document:

**DEFENDANT LORI TYLER'S Notice of Motion and Motion for Judgment on the Pleadings and to Dismiss; Memorandum of Points and Authorities and [proposed] Order Granting Defendant Tyler's Motion for Judgment on the Pleadings and to Dismiss**

☒ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ By placing the document(s) listed above in a sealed envelope with postage prepaid, in the United States mail San Francisco, California addressed as follows.

☐ By causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Russell A. Robinson, Esq.<br>Law Office of Russell A. Robinson, PC<br>345 Grove Street, First Floor<br>San Francisco CA 94102<br>Counsel for plaintiffs **415-431-4526** | Mark F. Hazelwood, Esq. 415-982-1634<br>Low Ball & Lynch<br>505 Montgomery St., 7th Fl.<br>San Francisco CA 94111-2584<br>Counsel for City of Clearlake |
| Stephen F. O'Neill, Esq. 707-544-3144<br>Tarkington, O'Neill, Barrack & Chong<br>100 Stony Point Rd., Ste. 270<br>Santa Rosa CA 95401<br>Counsel for defendant Shannon Edmonds | John R. Whitefleet, Esq. 916-927-3706<br>Porter Scott, APC<br>350 University Ave., Ste. 200<br>Sacramento CA 95825<br>Counsel for Lake County |

At the time of this transmission, I transmitted the above-entitled document to the above-listed parties by facsimile transmission from the fax number 415-391-4626; no error was reported by the facsimile machine from which the document was transmitted; and pursuant to Rule 2006(e)(4) I caused the machine to print a transmission record of the transmissions, a copy of which is attached to this declaration.

I declare under penalty of perjury that the above is true and correct.

Executed on August 14, 2008, at San Francisco, California.

_____
N.B. Luffy