1  DENNIS F. MORIARTY (STATE BAR NO. 37612)
   JOSE A. MONTALVO (STATE BAR NO. 184484)
2  CESARI, WERNER and MORIARTY
   360 Post Street, Fifth Floor
3  San Francisco CA 94108-4908
   Telephone: 415-391-1113
4  Facsimile: 415-391-4626
   5110-3-13
5  Attorneys for Defendant
   LORI TYLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHIELA BURTON and MINNIE BURTON,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE, CITY OF CLEARLAKE, and DOES 1-100.<br><br>Defendants. | No. C-07-5445-WHA<br><br>**DEFENDANT LORI TYLER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS**<br><br>F.R.C.P., Rule 12(c); 28 USC §1367(c)(3)<br><br>Date: September 25, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9, 19th Floor<br><br>Judge: Honorable William H. Alsup |

I.  **REPLY**

Plaintiffs' opposition is devoid of any merit as against Defendant Lori Tyler. Plaintiffs' arguments (in defense to Defendant Tyler's request for dismissal of the federal claims) are similar to those made by Plaintiffs in response to the public entities, City of Clearlake's and County of Lake's motions to dismiss of the same federal claims. Even assuming Plaintiffs are allowed leave to amend the First Amended Complaint to add extraneous facts from the criminal

-1-

trial, which Plaintiffs have inserted in their opposition, these facts will not cure the deficiencies of Plaintiffs' claims as alleged against Lori Tyler in their First Amended Complaint.

## II. DEFENDANT TYLER REQUEST JUDICIAL NOTICE OF THIS COURT'S DECISION OF WITH RESPECT TO THE CITY OF CLEARLAKE'S AND COUNTY OF LAKE'S MOTIONS TO DISMISS

Defendant Tyler requests that this court take judicial notice of its "Order Granting Defendants' [City of Clearlake's and County of Lake's] Motion To Dismiss And Vacating Hearing of May 23, 2008." (Attached hereto as **Exhibit A**.).

## III. PLAINTIFFS' COUNT ONE AND TWO (I.E. 42 U.S.C. § 1983 CLAIMS) OF THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

There have been no allegations made against Defendant Tyler that she participated in any way in the shootings of the Plaintiffs' decedents. Even assuming that Plaintiffs' oblique theory on their 42 U.S.C. 1983 claims may somehow, as tenuous as it may be, apply to Defendant Edmonds, which this Defendant contends it does not, it certainly cannot be extended even further to subject Defendant Tyler to any liability. Defendant Tyler was not prosecuted for the deaths of the Plaintiffs' decedents nor has there ever been a request for such a prosecution. As the court correctly stated in its prior order dismissing the public entities from this lawsuit, "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F. 3d 1136, 1140 (9th Cir. 1996)." Here, Defendant Tyler played absolutely no role in the shootings of the Plaintiffs' decedents nor is there any such allegation. Therefore, it is inexplicable how Plaintiffs can support the first element of a Section 1983 claim (i.e. that Defendant Tyler deprived plaintiffs of a right secured by the Constitution and laws of the United States). Likewise, Plaintiffs will be

-2-

DEFENDANT LORI TYLER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS

unable to allege sufficient facts which can support the second element of a Section 1983 claim (i.e. that Defendant Tyler acted under color of law). Defendant Tyler committed no act in concert with anyone, much less a public official. As the court held in the public entities' motions to dismiss,

> "…the current allegations in the complaint are far *too remote* to attribute the deaths of Williams and Foster [Plaintiffs' decedents] to the actions of the city and county. There is no allegation that Edmonds was in any way acting as an agent of the city and county or that the city or county implemented any policy that contributed even in part to the shootings. Plaintiffs' conclusory allegations are not enough." (Refer to Exhibit A, Page 5, lines 12-16.)

Defendant Tyler contends that it would be even more remote to attribute the deaths of Williams and Foster to Defendant Tyler, who did not participate in the shootings of Williams and Foster. Rather, the facts alleged are that she was attacked by Plaintiffs' decedents and Renato Hughes, after they broke into the property where she resided and for which Renato Hughes was recently convicted (i.e. of the armed burglary charge). Hence, there was no "act" that Defendant Tyler engaged in that could conceivably be alleged to satisfy either of the two elements of the federal claim.

Even where a private individual or entity may be considered a state actor where the "state has exercised such coercive power or has provided such significant encouragement, either overt or covert, that the choice must be that of the state" (as set forth in *American Mfrs. Mut. Ins. Co. v. Sullivan* 526 U.S. 40, 52 (1999), there is absolutely no facts alleged in this case where it could be stated that Defendant Tyler was a state actor.

The claims against Defendant Edmonds are tenuous, at best, but are even more remote as against Defendant Tyler since she did not participate in the shootings, which is the basis for

-3-

DEFENDANT LORI TYLER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS

Plaintiffs' claims. Therefore, the "act" which Plaintiffs are alleging would constitute an act under color of law is not even alleged against Defendant Tyler, and rightly so, since she did not engage in any such act (i.e. shooting). Even under a *Delew v. Wagner*, 143 F.3d 1219, 1222-23 (9th Cir. 1998) analysis, there is no viable claim against Defendant Tyler since there is no allegation, not even in Plaintiffs' opposing papers, that Defendant Tyler engaged in any "act" that deprived the Plaintiffs' decedents of their constitutional rights under color of any statute, ordinance, regulation, custom or usage, of ay State or Territory.

### IV. PLAINTIFFS SHOULD NOT BE ALLOWED LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

In the City of Clearlake's and County of Lake's motions to dismiss, this court allowed Plaintiffs the opportunity to bring a motion for leave of court to amend their First Amended Complaint. Thus, this court did not did not even allow Plaintiffs to amend their complaint, but rather required them to make a motion that was to be accompanied by a proposed pleading and the motion was to explain why the problems would be overcome by the proposed pleading. Plaintiffs chose not to do so. Although Plaintiffs attempted to introduce extraneous facts from the criminal trial of Hughes in their opposition to the instant motion, this is information that Plaintiffs had prior to the trial and is information which does not advance Plaintiffs' claims against Defendant Tyler. This court should exercise its discretion to deny Plaintiffs the opportunity for leave to amend. As it is, this is Plaintiffs' second attempt to persuade this court that their federal claims are viable.

Plaintiffs apparently also seek to add a claim under 42 USC §1985(3) for alleged conspiracy to interfere with plaintiffs' decedents' civil rights. Even as claimed in their opposition, there are insufficient facts that any conspiracy was formed by anyone with the intent of harming plaintiffs' decedents either before or during the alleged incident. Not only were

-4-

DEFENDANT LORI TYLER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS

Plaintiffs' decedents unknown to defendants, there is no allegation that anyone (other than decedents and Hughes) had any idea that plaintiffs' decedents intended to invade Edmonds' property at the time of the incident. Under the alleged circumstances, no reasonable inference can be drawn that anyone conspired to harm plaintiffs' decedents prior to the actual incident. Therefore, Plaintiffs have failed to allege sufficient facts to state a valid claim under 42 USC §1985(3) and no leave should be granted to amend the First Amended Complaint.

## V. THIS COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THE STATE LAW CLAIMS UPON ENTRY OF JUDGMENT ON THE FEDERAL QUESTION CLAIMS

Plaintiffs provide no substantial basis for the court's continued exercise of jurisdiction over their purely state law claims after entry of judgment in favor of defendants on the federal question issues. Upon resolution of the federal claims, judicial economy, convenience and fairness all militate in favor of proceeding in state court in the proper venue and this court should exercise its discretion to dismiss plaintiffs' remaining state law claims. *Carnegie-Mellon Univ. V. Cohill*, 484 U.S. 343 (1998). Trial of this matter is still very far away and only moderate judicial resources have been expended in the management of this action to date. Minimal discovery has occurred in this action and the balance of factors favors dismissal of plaintiffs' pendent state law claims. Plaintiffs will have ample opportunity for plaintiffs to conduct discovery in a state court action and all of the known witnesses and evidence regarding this incident are in the County of Lake. Plaintiffs will suffer no prejudice by dismissal.

## VI. DEFENDANT TYLER JOINS IN DEFENDANT EDMONDS' ARGUMENTS WITH REGARD TO EDMONDS' MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

Defendant Tyler respectfully hereby joins in Defendant Edmonds' arguments in his Motion for Judgment on the Pleadings and Motion to Dismiss, or in the alternative, incorporates his arguments in this reply as if they were fully stated herein.

-5-

**VII. CONCLUSION.**

Plaintiffs' First Amended Complaint fails to contain sufficient facts to state a claim against Defendant Tyler under 42 U.S.C. §1983 because there are no facts or allegations that Defendant Tyler was acting under color of law at the time of the alleged incident. Further, plaintiffs' bald attempt to improperly inject other federal question issues in this action are equally unavailing and should not support granting leave to amend following entry of judgment. Finally, following entry of judgment on plaintiffs' federal law claims, the balance of factors favors dismissal of plaintiffs' pendent state law claims.

CESARI, WERNER and MORIARTY

September 10, 2008

By: _____
DENNIS F. MORIARTY
JOSE A. MONTALVO
ATTORNEYS FOR DEFENDANT LORI TYLER

**EXHIBIT A**

Case 3:07-cv-05445-WHA    Document 65      Filed 09/11/2008    Page 8 of 15
Case 3:07-cv-05445-WHA    Document 55-3    Filed 07/08/2008    Page 5 of 11
Case 3:07-cv-05445-WHA    Document 48      Filed 05/23/2008    Page

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON<br><br>Plaintiffs,<br><br>v.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE, CITY OF CLEARLAKE, and DOES 1-100,<br><br>Defendants. | No. C 07-05445 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this civil-rights action, defendants County of Lake and City of Clearlake separately move to dismiss all plaintiffs' claim. Because plaintiffs have stated no cognizable federal claim, defendants' motions are GRANTED. The hearing on these motions are hereby VACATED.

## STATEMENT

On December 7, 2005, Rashad Williams ("Williams") and Christian Foster ("Foster") visited the home of defendant Shannon Edmonds (FAC ¶ 13). After an altercation between the parties, Williams and Foster fled the house and started running across the street (*id.* at ¶ 14). Edmonds, according to the complaint, then began firing a gun at Williams and Foster hitting and killing them both (*ibid.*).

Case 3:07-cv-05445-WHA   Document 65   Filed 09/11/2008   Page 9 of 15
Case 3:07-cv-05445-WHA   Document 55-3   Filed 07/08/2008   Page 6 of 11
Case 3:07-cv-05445-WHA   Document 48   Filed 05/23/2008   Page 2 of 7

Plaintiffs allege Edmonds was a known drug dealer and regularly solicited teenagers in the area to sell drugs on his behalf (*id.* at ¶ 14). The complaint further alleges that the County of Lake, City of Clearlake, and the Doe defendants conspired with Edmonds (a Caucasian) and were partly responsible for the deaths of Williams and Foster (both African American) by wrongfully allowing Edmonds to continue his unlawful drug ring (*id.* at ¶ 7). In particular, plaintiffs allege defendants: (1) "allow[ed] Edmonds and Tyler unlawfully to sell recreational drugs, to possess firearms, [and] to use minors in the unlawful sale of recreational drugs; (2) "failed to force [Edmonds and Tyler] to stop illegal activities;" (3) "protect[ed] Edmonds, a known drug dealer, and allow[ed] the racist Edmonds to continue his illegal activity;" and (4) "fail[ed] to investigate properly and evaluate deaths involving black men shot by a white person" (*id.* at ¶¶ 1, 15, 20, 32). Edmonds and Tyler were never prosecuted for the deaths of Williams and Foster. Notably, plaintiffs do not allege that Edmonds or Tyler were employed by the County or City.

Plaintiffs filed this action on October 24, 2007, alleging deprivation of civil rights under 42 U.S.C. 1983 and violations of various state-law claims against the city and county. Plaintiffs Sherrill Foster and Howard Foster bring their claims as the mother and father, respectively, and successors in interest for their son, decedent Foster and the Estate of Christian Dante Foster (*id.* at ¶ 3). Plaintiffs Sheila Burton and Minnie Burton bring their claims as the mother and grandmother, respectively, and successors in interest for decedent Williams (*ibid.*). The City and County now move to dismiss all claims against them for failure to state any cognizable claim.

## ANALYSIS

### 1. LEGAL STANDARD.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. The Supreme Court has recently explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

2

Case 3:07-cv-05445-WHA   Document 65     Filed 09/11/2008   Page 10 of 15
Case 3:07-cv-05445-WHA   Document 55-3   Filed 07/08/2008   Page 7 of 11
Case 3:07-cv-05445-WHA   Document 48    Filed 05/23/2008   Page 3 of 7

*Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (citations and alterations omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). In complaints that do not allege fraud, plaintiffs need only make "a short and plain statement of the claim," thus giving the defendant fair notice of the claim and of the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).

2. STATE-LAW CLAIMS.

In their opposition, plaintiffs concede that all of their state-law claims were not brought in compliance with the California Claims Act and should therefore be dismissed as to the County and City.

3. SECTION 1983 CLAIM.

"The terms of Section 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted 'under color of law.'" *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). A private individual or entity may be considered a state actor where the "state has exercised such coercive power or has provided such significant encouragement, either overt or covert, that the choice must be that of the State." *American Mfrs. Mut. Ins. Co. V. Sullivan*, 526 U.S. 40, 52 (1999).

Municipalities and local governments can be sued directly for violations of constitutional rights under Section 1983 where government officials were acting pursuant to an official policy or recognized custom. *Monell v. Dept. of Social Serv. of New York*, 436 U.S. 658, 690 (1978). The plaintiff must identify the policy or custom which caused the violation. "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the conduct alleged. That is, a plaintiff must show that the municipal

3

Case 3:07-cv-05445-WHA   Document 65   Filed 09/11/2008   Page 11 of 15
Case 3:07-cv-05445-WHA   Document 55-3   Filed 07/08/2008   Page 8 of 11
Case 3:07-cv-05445-WHA   Document 48   Filed 05/23/2008   Page 4 of 7

action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 404 (1997) (emphasis in original).

Plaintiffs essentially base their Section 1983 claim on the allegation that the City and County knew about Edmond's illegal conduct and chose do nothing about it. This inaction, plaintiffs allege, somehow enabled Edmonds to shoot Foster and Williams. Plaintiffs' oblique theory, however, is not pled sufficiently to sustain any Section 1983 claim. Plaintiffs primarily rely on *Fries v. Barnes,* 618 F.2d 988 (2nd Cir. 1980), where the plaintiff alleged that a private physician turned over surgically removed shotgun fragments from plaintiff's thigh and other personal effects of plaintiff's to the police at the behest of a police officer. In holding that the plaintiff had sufficiently pled a Section 1983 claim, the court, *quoting United States v. Mekjian,* 505 F.2d 1320, 1327 (5th Cir. 1975), stated:

> Accordingly, where federal officials actively participate in a search being conducted by private parties or else stand by watching with approval as the search continues, federal authorities are clearly implicated in the search and it must comport with fourth amendment requirements.

The Ninth Circuit has applied this same principle. *See Howerton v. Gabica,* 708 F.2d 380 (9th Cir. 1983).

Here, unlike *Fries*, plaintiffs have not alleged that city or county officials directed Edmonds to confront Williams and Foster or that they stood back and watched the incident with approval. In fact, plaintiffs have not even alleged that the county or city knew that Williams and Foster were going to visit Edmonds at his home. In *Martinez v. State of California,* 444 U.S. 277 (1980), the complaint alleged that the state negligently released a convicted rapist after serving five years even though he was sentenced to a term of one to twenty years, with a recommendation that he not be paroled. Five months after his release the parolee tortured and killed the plaintiffs' decedent. Plaintiffs brought a Section 1983 claim alleging that by negligently releasing the parolee, the state had deprived the plaintiffs' decedent of her life without due process of law. The Supreme Court in *Martinez,* 444 U.S. at 285, found that the plaintiffs had failed to state a Section 1983 claim, holding:

4

Case 3:07-cv-05445-WHA    Document 65    Filed 09/11/2008    Page 12 of 15
Case 3:07-cv-05445-WHA    Document 55-3    Filed 07/08/2008    Page 9 of 11
Case 3:07-cv-05445-WHA    Document 48    Filed 05/23/2008    Page 5 of 7

> Although the decision to release Thomas from prison was action by the State, the action of [parolee] five months later cannot be fairly characterized as state action. Regardless of whether, as a matter of state tort law, the parole board could be said either to have had a 'duty' to avoid harm to his victim or to have proximately caused her death, we hold that, taking these particular allegations as true, appellees did not 'deprive; appellants' decedent of life within the meaning of the Fourteenth Amendment. Her life was taken by the parolee five months after his release. He was in no sense an agent of the parole board. Further, the parole board was not aware that appellants' decedent, as distinguished from the public at large, faced any special danger. . . . [W]e do hold that at least under the particular circumstances of this parole decision, appellants decedent's death is too remote a consequence of the parole officers' action to hold them responsible under the federal civil rights law. Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute.

Similarly, the current allegations in the complaint are far too remote to attribute the deaths of Williams and Foster to the actions of the city and county. There is no allegation that Edmonds was in any way acting as an agent of the city or county or that the city or county implemented any policy that contributed even in part to the shootings. Plaintiffs' conclusory allegations are not enough.

Although not alleged in the complaint, in their opposition brief plaintiffs rely on a new theory to support their Section 1983 claim: that the county and city's actions deprived plaintiffs of their right to meaningful access the court system. To properly plead a claim for denial of meaningful access to the court system a plaintiff must show the existence of an underlying claim, whether anticipated or lost. The access claim "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the officials acts frustrating the litigation." *Id.*

In *Delew v. Wagner*, 143 F.3d 1219, 1222–23 (9th Cir. 1998), the Ninth Circuit reversed the district court's decision to dismiss the plaintiffs' access-to-courts claim. The plaintiffs there alleged that the Las Vegas Metropolitan Police Department and the Nevada Highway Patrol

Case 3:07-cv-05445-WHA   Document 65    Filed 09/11/2008   Page 13 of 15
Case 3:07-cv-05445-WHA   Document 55-3   Filed 07/08/2008   Page 10 of 11
Case 3:07-cv-05445-WHA   Document 48    Filed 05/23/2008   Page 6 of 7

conspired to cover up the negligent killing of their decedent, Erin Delew, by Janet Wagner, who was married to a police officer in the LVMPD. The Ninth Circuit held:

> The Delews have indeed alleged a constitutional violation, namely, that the defendants violated the Delews' right of meaningful access to the courts by covering up the true facts surrounding Erin Rae Delew's death. The Supreme Court held long ago that the right of access to the courts is a fundamental right protected by the Constitution. More recently, the Sixth Circuit held that the Constitution guarantees plaintiffs the right of meaningful access to the courts, the denial of which is established where a party engages in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective. Applying the Sixth Circuit's reasoning . . . to the Delews' case, we believe the Delews' complaint alleges a cognizable claim under section. To prevail on their claim, the Delews must demonstrate that the defendants' cover-up violated their right of access to the courts by rendering any available state court remedy ineffective. . . . The district court additionally erred by holding that the Delews' conspiracy cover-up claim failed to state a claim for relief. In support of their conspiracy claim, the Delews allege that Janet Kathleen Wagner left the accident scene during the investigation and that the LVMPD and NHP officers permitted Wagner to do so. Construing these facts in a light most favorable to the Delews, it is reasonable to infer an understanding between Wagner and the officers to cover-up the true facts of Erin Rae Delew's death and thereby deprive the Delews of their right of access to the courts.

The complaint does not allege facts that could sustain a Section 1983 claim based on a denial of meaningful access to the court system. Among other things, the complaint does not describe what underlying action was frustrated by the city or county and it does not specifically comport with the remaining requirements discussed above to properly plead a denial-of-access claim. If this is to be re-pled, it must be done with adequate specificity as to all elements of a *Delew* claim.

### CONCLUSION

For the reasons stated above, all claims against defendants County of Lake and City of Clearlake are **DISMISSED**. Plaintiffs may move within fourteen calendar days for leave to amend. Any such motion should be accompanied by a proposed pleading and the motion should explain why the foregoing problems are overcome by the proposed pleading. Plaintiffs

Case 3:07-cv-05445-WHA    Document 65    Filed 09/11/2008    Page 14 of 15
Case 3:07-cv-05445-WHA    Document 55-3    Filed 07/08/2008    Page 11 of 11
Case 3:07-cv-05445-WHA    Document 48    Filed 05/23/2008    Page 7 of 7

1  must plead their best case. Failing such a motion, judgment will be entered for the city and
2  county.

3
4  **IT IS SO ORDERED.**
5  Dated: May 23, 2008.

   _____
   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

USDC No. Dist of Calif. No. C-07-5445-EMC        Certificate Of Service

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 360 Post Street, Fifth Floor, San Francisco CA 94108. On September 11, 2008, I served the within document:

**DEFENDANT LORI TYLER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS**
[Fed.RulesCiv.Proc. rule 12(c); 28 USC §1367(c)(3)]

| | |
|---|---|
| Russell A. Robinson, Esq.<br>Law Office of Russell A. Robinson, PC<br>345 Grove Street, First Floor<br>San Francisco CA 94102<br>Counsel for plaintiffs | Mark F. Hazelwood, Esq.<br>Low Ball & Lynch<br>505 Montgomery St., 7th Fl.<br>San Francisco CA 94111-2584<br>Counsel for City of Clearlake |
| Stephen F. O'Neill, Esq.<br>Tarkington, O'Neill, Barrack & Chong<br>100 Stony Point Rd., Ste. 270<br>Santa Rosa CA 95401<br>Counsel for defendant Shannon Edmonds | John R. Whitefleet, Esq.<br>Porter Scott, APC<br>350 University Ave., Ste. 200<br>Sacramento CA 95825<br>Counsel for Lake County |

I declare under penalty of perjury that the above is true and correct.

Executed on September 11, 2008, at San Francisco, California.

_____
N.B. Duffy