STEPHEN F. O'NEILL, SBN 62317 oneill@to2law.com
MARGARET S. FLYNN, SBN 130815 flynn@to2law.com
NORMAN L. CHONG, SBN 111439 nchong@to2law.com
TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation
100 Stony Point Road, Suite 270
Santa Rosa, CA 95401
Telephone:    (707) 576-1380
Facsimile:    (707) 544-3144

Attorneys for Defendant
SHANNON EDMONDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON,<br><br>Plaintiffs,<br><br>vs.<br><br>SHANNON EDMONDS, LORI TYLER, COUNTY OF LAKE, CITY OF CLEARLAKE, and DOES 1 through 100,<br><br>Defendants.<br>_____/ | Case No.   C-07-5445-WHA<br><br>**DEFENDANT SHANNON EDMONDS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS [JUDGMENT ON THE PLEADINGS**<br><br>F.R.C.P., Rule 12(c); 28 USC §1367(c)(3)<br><br>Hearing Date:   September 25, 2008<br>Hearing Time:   8:00 a.m.<br>Courtroom:       9, 19th Floor<br><br>The Honorable William Alsup, presiding |

Plaintiffs' *Opposition to Motions to Dismiss* (hereinafter, "Opposition") is a classic example of the legal tactical aphorism, "If you can't pound the facts, pound the table."  Plaintiffs have failed to allege and cannot in good faith allege sufficient facts to support their Federal claims against Defendants Edmonds and Tyler so, instead, their Opposition to defendants' Motions to Dismiss is replete with inflammatory, extraneous allegations unsupported by the pleadings or any admissible evidence and wholly irrelevant to the merits of their purported claims against Defendants in this action.  Defendants are entitled to judgment in their favor as to Counts One and Count Two of the First Amended Complaint (hereinafter, "FAC") and the court is further requested to exercise its discretion to dismiss plaintiffs' state law claims.

///

## MEMORANDUM OF POINTS AND AUTHORITIES

After correctly acknowledging that a motion for judgment on the pleadings tests the legal sufficiency of the pleadings, plaintiffs proceed to include various allegedly factual matters not contained in their complaint in an effort to support their FAC. Defendant Edmonds respectfully requests this court to strike all such allegations and contentions and to disregard the unpled and unsupported statements in plaintiffs' Opposition.

Distilled from the hyperbolic rhetoric and even including the supplemental "facts" which plaintiffs' Opposition suggests could be added by amendment of the FAC, plaintiffs' basic contentions appear to be as follows:

1. Defendant Edmonds wrongfully violated plaintiffs' decedents' civil rights by refusing to engage in illegal activities with them because of their race.

2. Despite the absence of any allegations or evidence that defendants knew of plaintiffs' decedents before the incident, Edmonds allegedly conspired with unknown others to shoot plaintiffs' decedents on the street in front of his house after they invaded his home.

3. Defendant Edmonds was a "state actor" when allegedly shooting plaintiffs' decedents because neither the City nor County law enforcement agencies had previously stopped Edmonds' alleged drug dealing activities.

4. Despite a thorough investigation of the incident which allegedly produced substantial evidence regarding the incident, plaintiffs have been denied meaningful access to the courts to assert the wrongful death claims included in this action.

5. Plaintiffs or plaintiffs' decedents were somehow damaged by the prosecution of decedents' co-conspirator, Renato Hughes, of crimes related to the armed burglary of defendants' home[1] and/or the County's decision not to prosecute Defendant Edmonds for the shootings.

None of these allegations and/or contentions are legally sufficient to support plaintiffs' claims and defendants are entitled to judgment on the pleadings as to plaintiffs' Federal claims.

---

[1] The court is requested to take notice of the conviction of Hughes on the armed burglary charge.

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.Reply.wpd                - 2 -                Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

# I. LEGAL AUTHORITY AND ARGUMENT

Plaintiffs' Opposition fails to demonstrate that the allegations of the First Amended Complaint are legally sufficiently to establish any of their Federal law claims against Defendant Edmonds. Defendants are entitled to judgment on the pleadings as to the first 2 counts of plaintiffs' FAC and this court is requested to exercise its discretion to dismiss the remaining state law claims.

### A. Plaintiffs Have Failed to Support Their Claims that Defendant Edmonds Deprived Them of any Rights Under Color of Law

Despite plaintiffs' best efforts, the FAC does not allege sufficient facts to support their claim that Defendant Edmonds acted under "color of law" as required by 42 USC §1983. For example, plaintiffs persistently contend that Edmonds allegedly shot plaintiffs' decedents "under color of law" despite the absence of any allegations that any official state actor was in any way involved in the alleged shooting or even had notice that plaintiffs' decedents were at or on defendants' premises at the time. There is no allegation or evidence that there was any agreement or plan involving the defendants which contemplated or included the shooting of plaintiffs' decedents or anyone else. Incredibly, plaintiffs appear to argue that if the state fails to stop known or suspected illegal activities, any further unlawful actions by the purported criminal would be "under color of law." This is absurd and insupportable.

The cases cited by plaintiffs are not to the contrary and involve incidents where there was a direct connection between the private and state actors. For example, in *Fries v. Barnes*, 618 F.2d 988 (2nd Cir. 1980), plaintiff claimed that he was subjected to an unlawful search and seizure when the emergency room physicians treating him for a gun shot wound agreed and cooperated with police to obtain and turn over the slugs, tissue samples and his clothes to the police without his knowledge or consent. Similarly, in *Ingraham v. Wright*, 430 U.S. 651 (1977) plaintiffs' complained of corporal punishment of students in public schools pursuant to the express policy of the state and the school district. Even in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), summary judgment was reversed because defendant had not foreclosed the possibility that a police officer was directly involved in the decision to deny plaintiff her right to be served at the lunch counter. In none of these cases was the illusory connection between the state actors and the alleged incident as remote as this case. In this case, there is no evidence or good faith allegation that any state actor was involved, suggested, agreed or

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.Reply.wpd    - 3 -    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1 participated in the shooting of plaintiffs' decedents. Merely failing to stop defendants' alleged illegal
2 activities does not render Edmonds' independent actions to be "under color of law."

3     Alternatively, plaintiffs cite *Delew v. Wagner*, 143 F.3d 1219, in support of their contention that
4 the FAC states a legally cognizable claim against defendant based upon the post-incident investigation
5 by the applicable law enforcement agencies. In *Delew*, the defendants suppressed and/or eliminated key
6 evidence which allegedly would prevent plaintiffs from pursuing their civil claim against the adverse
7 driver. Even though the *DeLew* court ruled that such a claim could be stated under §1983, it ultimately
8 held that the complaint should be dismissed because the claimant "must demonstrate that the defendants'
9 cover-up violated their right of access to the courts by rendering 'any available state court remedy
10 ineffective' which cannot be done while that action is pending. *Id*. at p. 1221 - 1222. In this case,
11 plaintiffs have not and cannot, in good faith, allege that defendants or the law enforcement agencies
12 suppressed any evidence reasonably necessary to support their claims regarding the shooting of
13 decedents. Instead, plaintiffs appear to complain about evidence related to other persons and/or
14 potential criminal activities wholly unrelated to the merits of their claims and which could not render
15 their "available state court remedy ineffective." Plaintiffs premature and improper attempt to combine
16 their state court and Federal "access to court" remedies should be rejected.

17     Although not clearly pled and/or argued, plaintiffs potentially take issue with the decision to
18 prosecute Renato Hughes for the deaths of plaintiffs' decedents instead of Defendant Edmonds.
19 Regardless of whether plaintiffs included these allegations merely to illustrate some relationship
20 between and among the defendants or to assert some claim arising out of this decision by the County
21 of Lake, the court has already held that these allegations were insufficient to state a claim against the
22 public entity defendants and the same analysis should apply to the private actor defendants. In any
23 event, the FAC fails to state in what manner the decision to prosecute Hughes and not Edmonds violates
24 the Federal rights of plaintiffs and, even if it does, in how that decision has legally caused them to suffer
25 compensable damage.

26     This court has already rejected plaintiffs' insupportable extension of the law regarding
27 conspiracy and the requirement of state action as to Defendants City of Clear Lake and County of Lake.
28 Edmonds respectfully requests the court to affirm this decision as to the remaining defendants.

Law Offices
**TARKINGTON,**
**O'NEILL, BARRACK**
**& CHONG**
A Professional Corporation
100 STONY POINT ROAD,
SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.Reply.wpd    - 4 -    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

### B.   The Court should Enter Judgment on the Pleadings as to Count One and Count Two of the First Amended Complaint without Leave to Amend

While courts liberally permit a plaintiff leave to amend an insufficient complaint, plaintiffs in this action have had numerous opportunities to either amend the First Amended Complaint or to make an offer of what additional facts they believe will support their Federal law claims. The court's record will reflect that plaintiffs were provided with an opportunity to amended the FAC following the Dismissal of the FAC as to the public entity defendants on grounds very similar to the instant motion.  They declined to do so.

In opposition to this motion, plaintiffs suggest that they were unable to supplement the allegations of the FAC until the criminal trial against decedents' co-conspirator Renato Hughes was completed. In opposition to this motion, plaintiffs purport to cite evidence from the criminal trial presumably as an offer of proof as to additional, potential factual allegations to support their ineffective Federal law claims against Defendants Edmonds and Tyler. These additional facts are wholly insufficient to support any such claims and this court should exercise its discretion to enter Judgment on the Pleadings and to dismiss the state law claims without leave to amend.

Generally, plaintiffs apparently seek to add new discrimination claims against Edmonds based upon supplemental allegations that Edmonds (1) refused, based on race, to illegally sell prohibited substances to plaintiffs' decedents; and, (2) allegedly conspired to shoot plaintiffs' decedent in the street outside his home. To the extent that these claims arise from new factual allegations separate and distinct from those in either the original complaint or the FAC, any such claims would be untimely and are barred by California's 2 year statute of limitations on personal injury claims. ***Lukovsky v. City and County of San Francisco***, 535 F.3d 1044 (9th Cir. 2008).

Even assuming that plaintiffs' first proposed, additional count is not barred by the statute of limitations, these additional allegations cannot support a claim under 42 USC §1981. By its terms, 42 USC Section 1981 is intended to secure a person's rights against disparate treatment in the conduct of lawful activities. Plaintiffs cite no case which holds that Section 1981 protects a person's right to engage in <u>unlawful</u> activities as apparently claimed in plaintiffs' Opposition. Accordingly, it would be futile to permit any such supplemental claim and leave to amend the FAC should be denied.

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.Reply.wpd                    - 5 -                    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Plaintiffs apparently also seek to add a claim under 42 USC §1985(3) for alleged conspiracy to interfere with plaintiffs' decedents' civil rights. Even as claimed in the Opposition, there are insufficient facts that any conspiracy was formed by anyone with the intent of harming plaintiffs' decedents either before or during the alleged incident. Not only were decedents unknown to defendants, there is no allegation that anyone (other than decedents and Hughes) had any idea that plaintiffs' decedents intended to invade defendants' property at the time of the incident. Under the alleged circumstances, no reasonable inference can be drawn that anyone "conspired" to harm plaintiffs' decedents prior to the actual incident. Plaintiffs have failed to allege sufficient facts to state a valid claim under 42 USC §1985(3) and no leave should be granted to amend the First Amended Complaint.

### C. This Court Should Exercise Its Discretion to Dismiss the State Law Claims Upon Entry of Judgment on the Federal Question Claims

Plaintiffs provide no substantial basis for the court's continued exercise of jurisdiction over their purely state law claims after entry of judgment in favor of defendants on the Federal question issues. Upon resolution of the Federal claims, judicial economy, convenience and fairness all militate in favor of proceeding in state court in the proper venue and this court should exercise its discretion to dismiss plaintiffs' remaining state law claims. ***Carnegie-Mellon Univ. V. Cohill***, 484 U.S. 343 (1998). Trial of this matter is still very far away and only moderate judicial resources have been expended in the management of this action to date. Minimal discovery has occurred in this action and the balance of factors favors dismissal of plaintiffs' pendent state law claims. Plaintiffs will have ample opportunity for plaintiffs to conduct discovery in a state court action and all of the known witnesses and evidence regarding this incident are in the County of Lake. Plaintiffs will suffer no prejudice by dismissal.

### CONCLUSION.

In summation, plaintiffs' First Amended Complaint fails to contain sufficient facts to state a claim against either Defendant Edmonds or Defendant Tyler under 42 U.S.C. §1983 because there are no substantial facts or allegations that either defendant was acting "under color of law" at the time of the alleged incident. Further, plaintiffs' bald attempt to improperly inject other Federal Question issues in this action are equally unavailing and should not support granting leave to amend following entry of judgment. Finally, following entry of judgment on plaintiffs' Federal law claims, the balance of factors

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3144

{2148}Judgment on Pleadings.Reply.wpd   - 6 -   Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1  favors dismissal of plaintiffs' pendent state law claims which can be fully and fairly tried in the proper venue in state court.

DATED: September 10, 2008

TARKINGTON, O'NEILL, BARRACK & CHONG
A Professional Corporation

By  /S/
    Stephen F. O'Neill
    Attorneys for Defendant
    Shannon Edmonds

Law Offices
**TARKINGTON, O'NEILL, BARRACK & CHONG**
A Professional Corporation
100 STONY POINT ROAD, SUITE 270
SANTA ROSA, CA 95401
Telephone: (707)576-1380
Facsimile: (707)544-3114

{2148}Judgment on Pleadings.Reply.wpd    - 7 -    Case No. C-07-5445-WHA

DEFENDANT SHANNON EDMONDS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS