IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRILL FOSTER, HOWARD FOSTER, SHEILA BURTON, and MINNIE BURTON<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SHANNON EDMONDS, LORI TYLER, and DOES 1-100,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 07-05445 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS** |

**INTRODUCTION**

In this civil-rights and wrongful-death action, defendants move for judgment on the pleadings and to dismiss all plaintiffs' claims. Because plaintiffs cannot show that defendants acted under color of state law, defendants' motion for judgment on the pleadings is **GRANTED**. The Court will, however, continue to exercise supplemental jurisdiction over plaintiffs' remaining state claims. Defendants' motion to dismiss plaintiffs' state law claims is **DENIED**.

**STATEMENT**

On December 7, 2005, Rashad Williams and Christian Foster visited the home of defendants Shannon Edmonds and Lori Tyler in Clearlake (FAC ¶ 13). After an altercation at the home, Williams and Foster fled and started running across the street (*id.* at ¶ 14).

Edmonds, according to the complaint, then began firing a gun at Williams and Foster hitting and killing them both (*ibid.*).

Plaintiffs allege Edmonds was a known drug dealer and regularly solicited teenagers in the area to sell drugs on his behalf (*id.* at ¶ 14). The complaint further alleges that the County of Lake, City of Clearlake, and the Doe defendants conspired with Edmonds (a Caucasian) and were partly responsible for the deaths of Williams and Foster (both African American) by wrongfully allowing Edmonds to continue his unlawful drug ring (*id.* at ¶ 7). In particular, plaintiffs allege the county and city: (1) "allow[ed] Edmonds and Tyler unlawfully to sell recreational drugs, to possess firearms, [and] to use minors in the unlawful sale of recreational drugs; (2) "failed to force [Edmonds and Tyler] to stop illegal activities;" (3) "protect[ed] Edmonds, a known drug dealer, and allow[ed] the racist Edmonds to continue his illegal activity;" and (4) "fail[ed] to investigate properly and evaluate deaths involving black men shot by a white person" (*id.* at ¶¶ 1, 15, 20, 32). Edmonds and Tyler were never prosecuted for the deaths of Williams and Foster. Notably, plaintiffs do not allege that Edmonds or Tyler were employed by the County or City.

Plaintiffs filed this action on October 24, 2007, alleging deprivation of civil rights under 42 U.S.C. 1983 and violations of various state-law claims against defendants Edmonds and Tyler. Plaintiffs' actions against the city and county were dismissed on May 23, 2008. Plaintiffs Sherrill Foster and Howard Foster bring their claims against Edmonds and Tyler as the mother and father, respectively, and successors in interest for their son, decedent Foster and the Estate of Christian Dante Foster (*id.* at ¶ 3). Plaintiffs Sheila Burton and Minnie Burton bring their claims against Edmonds and Tyler as the mother and grandmother, respectively, and successors in interest for decedent Williams (*ibid.*). Defendants now move for judgment on the pleadings and to dismiss all claims against them.

**ANALYSIS**

**1.     RULE 12(C).**

"After the pleadings are closed – but early enough not to delay trial — a party may move for judgment on the pleadings." FRCP 12(c). "For purposes of the motion, the

2

allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). This standard is applied with particular strictness when the claim is for an alleged civil rights violation. *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996).

Plaintiffs allege that defendants violated their Fourth and Fourteenth Amendment rights and have brought suit under 42 U.S.C. Section 1983. That section states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

"The terms of Section 1983 make plain two elements that are necessary for recovery. *First*, the plaintiff must prove that the defendant has deprived him of a right secured by the Constitution and laws of the United States. *Second*, the plaintiff must show that the defendant deprived him of his constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or territory. This second element requires that the plaintiff show that the defendant acted under the color of the law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "Private persons, jointly engaged with state officials in the prohibited action, are acting under color of law for purposes of the statute. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Id.* at 152.

Here, plaintiffs make no allegations that Edmonds and Tyler were willful participants in joint activity with the Clearlake Police Department, Lake County Sheriff Department, or the

3

1 Lake County District Attorney's office as to the murders of Foster and Williams. The closest

2 plaintiffs come to making this allegation is in paragraph 27 of their first amended complaint:

> In the case of certain un-named and unindicted co-conspirators, in performing the investigation, prosecuting Renato Hughes, preparing death certificates, preparing autopsy reports, destroying evidence, allowing illegal activity to continue, and in preparing related materials arising from Decedents' deaths, they engaged in acts designed to protect Edmonds and Tyler and to damage Plaintiffs. Other violations of Plaintiffs' rights include failure to investigate/evaluate properly these deaths, ignoring and/or failing properly and adequately to investigate and to discipline unconstitutional or unlawful police activity; and, allowing, tolerating, making, and/or encouraging to file false incident reports and to make false statements. By [so] doing, Plaintiffs suffered deprivation of their constitutionally guaranteed rights.

This allegation alone does not permit the inference that defendants Edmonds and Tyler acted jointly with local officials in the murders of Foster and Williams. Plaintiffs do not allege that local police knew Foster and Williams, before their deaths, or that they were any way involved with defendants' alleged actions on December 7, 2005, when the murders took place. Absent these allegations it is not possible to make the inference that defendants were willful participants in joint activity with local officials as to the murders of Foster and Williams. Plaintiffs' claim that the toleration by police of defendants' alleged illegal activities caused the deaths of Foster and Williams is too attenuated to satisfy the *Adickes* test.

In *Adickes* the Court found that in order for the plaintiff to demonstrate "joint activity" the plaintiff had to show that the defendant, a private citizen, and local police "reached an understanding" to deny plaintiff her Fourteenth Amendment rights. There, plaintiff had to show that defendant and local police reached an understanding to deny her service at defendant's store. 398 U.S. at 152. Here, plaintiff would have to show that defendants and local officials reached an understanding to murder Foster and Williams. No such allegation was made, and it is not possible to make a reasonable inference from the facts plead that there was such an understanding.

Plaintiffs rely on *Delew v. Wagner*, 143 F.3d 1219 (9th Cir. 1998). Their argument is not entirely clear. But, it appears that plaintiffs rely on *Delew* for the proposition that plaintiffs' claim satisfies the *Adickes* test for "joint activity" (whether defendants and local officials

4

"reached an understanding") because *Delew* is analogous to this case. In *Delew* the plaintiffs alleged that a private citizen and local police officials "conspired to cover-up the true facts surrounding Erin Rae Delew's death in violation of the Delews' constitutional rights." Erin died when her bicycle was struck by a vehicle driven by Janet Kathleen Wagner, the wife of a local police officer. *Id.* at 1221. The plaintiffs further alleged that:

> after the [police] officers learned the true facts of Erin Rae Delew's death they successfully covered-up the true facts by: (1) deliberately refraining from performing a field sobriety test on Wagner; (2) deliberately refraining from performing a chemical blood alcohol test on Wagner within two hours of the fatal accident; (3) deliberately failing to preserve physical evidence such as skid marks and relevant debris; and (4) allowing Wagner to leave the scene of the accident.

*Ibid.* The court held that the district court erred in finding that the plaintiffs' conspiracy claim failed to state a claim for relief. The court reasoned that:

> In support of their conspiracy claim, the Delews allege that Janet Kathleen Wagner left the accident scene during the investigation and that the [local police officers] permitted Wagner to do so. Construing these facts in a light most favorable to the Delews, it is reasonable to infer an understanding between Wagner and the officers to cover-up the true facts of Erin Rae Delew's death and thereby deprive the Delews of their right of access to the courts.

*Id*. at 1223.

*Delew* is distinguishable. In *Delew* it was reasonable to infer an understanding between the private-citizen defendant and police officers because the defendant was the wife of a local police officer, and the police officers were at the scene of the accident. Here, there is no such relationship between the private-citizen defendants and local officials. Furthermore, local officials were not alleged to be present when the murders of Foster and Williams took place. Moreover, plaintiffs have not alleged a connection between the alleged police cover-up of defendants involvement in the murders and a joint effort by defendants and local officials to perpetrate the murders.

Plaintiffs also rely on *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982), *Parratt v. Taylor*, 451 U.S. 527 (1981), *Fries v. Barnes*, 618 F.2d 988 (2d Cir. 1980), and *Ingraham v. Wright*, 430 U.S. 651 (1977). None of these decisions supports plaintiffs' assertion that defendants acted under the color of law. *Rendall-Baker* hurts, rather than helps, plaintiffs' case. There, a

1  teacher at a private school was held to not be a state actor even though the school received
2  public funds. *Id.* at 841. *Parratt* did not involve a private actor. *Ingraham* did not address the
3  issue of whether a private citizen was a state actor. *Fries* is the closest case. But, plaintiffs'
4  claim is still miles away.

5  In *Fries* the plaintiff alleged that two doctors violated his constitutional rights because
6  they conspired with police to seize his possessions while he was being treated for gunshot
7  wounds. The court held that the plaintiff's allegations met the *Adickes* test. Plaintiffs' case is
8  not analogous. Plaintiffs' allegations come no where close to the joint activity alleged in *Fries*.
9  There, the private doctors and police were alleged to have jointly committed the constitutional
10 violation. Here, defendants and local officials are not alleged to have jointly committed the
11 alleged constitutional violation, the murder of Foster and Williams.

12 All other decisions cited by plaintiffs do not involve alleged constitutional violations by
13 private citizens and are inapposite.

14 Defendants' motion for judgment on the pleadings is **GRANTED**.

### 2. STATE LAW CLAIMS

16 Because this order finds that plaintiffs' Section 1983 claims are dismissed, the next issue
17 that must be addressed is whether the Court should continue to exercise jurisdiction over the
18 remaining state claims. A district court may decline to exercise supplemental jurisdiction over
19 a state claim if the district court has dismissed all claims over which it has original jurisdiction.
20 28 U.S.C. § 1367(c)(3). "The court may retain jurisdiction even if the federal claims over
21 which it had original jurisdiction are dismissed. The decision to retain jurisdiction over state
22 law claims is within the district court's discretion, weighing factors such as economy,
23 convenience, fairness, and comity." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

24 Plaintiffs bring state claims under the theories of negligence and battery and under the
25 California Civil Code. Plaintiffs contend that dismissal of their state claims will result in
26 substantial prejudice and will produce a waste of judicial resources. In support of these
27 contentions plaintiffs state that (Opp. 8):

28 > Initial disclosures have been made, the remaining counsel have
> met and conferred and await approval from counsel for Lori Tyler

6

> to file a joint discovery plan, a settlement conference is set to proceed on October 7, 2008, before Magistrate Judge Bernard Zimmerman, and trial of this case has also been set. The remaining parties agreed to certain discovery and to stay other discovery pending the outcome of the settlement conference. Plaintiff served written discovery.

Defendants contend that minimal discovery has occurred and only moderate judicial resources have been expended.

This case was filed one year ago. The Court has already expended considerable judicial resources on this action. And, a trial date has already been set. The factors of economy, convenience, fairness, and comity weigh in favor of continuing to exercise jurisdiction over plaintiffs' state law claims. Defendants' motion to dismiss these claims is **DENIED**.

### 3.  NEW CLAIMS RAISED BY PLAINTIFFS IN OPPOSITION BRIEF.

Plaintiffs raise two new claims in their opposition brief to defendants' motions, one under 42 U.S.C. 1981 and the other under Section 1985(3). Plaintiffs were not granted leave to amend the first amended complaint nor did the parties stipulate to a further amendment. Under Rule 15(a)(1) a party "may amend its pleading once as a matter of course before being served with a responsive pleading, or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Defendants filed their response to the first amended complaint on May 9, 2008. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FRCP 15(a)(3). Because plaintiffs did not get written consent from defendants or obtain leave from the Court, plaintiffs must seek leave to amend before the Court may consider these new claims. If this is going to be done, it must be done on or before October 9, 2008.

7

**CONCLUSION**

Defendants' motion for judgment on the pleadings is **GRANTED**.  Defendants' motion to dismiss plaintiffs' state law claims is **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 26, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE